MATHIS CAMPBELL, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

### Division B.

### Opinion Filed July 27, 1926.

1. In an information charging perjury under the provision of Section 5341 Revised General Statutes of Florida, it is an essential allegation that the party charged was duly sworn and that the oath was administered to him by someone authorized by law to administer such oath.

2. Every essential allegation of the charge must be proven beyond a reasonable doubt before a verdict of guilty is authorized.

3. Every defendant is presumed to be innocent of the offense charged until every material element of the offense has been proven by competent testimony; and the burden is upon the State to prove each element of the offense before a legal conviction may be had. Judicial knowledge, however, ordinarily displaces the necessity of evidence, as it means the same thing.

A Writ of Error to the Court of Record for Escambia County; A. G. Campbell, Judge.

Affirmed.

*J. McHenry Jones,* for Plaintiff in Error.

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, J.—The defendant in error was convicted in the Court of Record of Escambia County, Florida, of the

offense of perjury and sentenced to serve a period of two years at hard labor in the State prison.

From judgment of conviction he brought writ of error.

The assignment of error was, that the Court erred in overruling the defendant's motion for a new trial.

The motion for a new trial was in the following language, to-wit:

"Comes now the defendant, Mathis Campbell, by his attorney, and moves the Court to vacate and set aside the verdict rendered herein and grant unto him a new trial for the following reasons:

1. That the verdict is contrary to the evidence.

2. That the verdict is contrary to law.

3. That the verdict is against the weight of the evidence.

4. That the verdict is unsupported by the evidence.

5. That the evidence is insufficient to sustain the verdict.

6. That the Court erred in charging the jury as follows: 'Under our Statute Law, where one is sworn by a County Solicitor, is put under oath by a County Solicitor, in investigation of matters concerning the criminal laws of the state or violations of the criminal laws of the State being under such oath, wilfully, knowingly, corruptly and intentionally swears falsely concerning any matter material in this investigation, they are guilty of what is known as the crime of Perjury.'

7. That the charge of the Court is mis-leading and confusing."

The information sufficiently charges perjury as defined in Section 5341, Revised General Statutes of Florida. In an information charging perjury under the provision of Section 5341, Revised General Statutes of Florida, it is an essential allegation that the party charged was duly sworn and that the oath was administered to him by some one

authorized by law to administer such oath.   Craft v. State,
42 Fla. 567, 29 South. Rep. 418.

Every essential allegation of the charge must be proved
beyond a reasonable doubt before a verdict of guilty is
authorized.

In the instant case the proof showed that the oath was
administered by William Fisher but it did not show that
the oath was administered by William Fisher, *County
Solicitor of Escambia County, Florida.*.  The Court was
vested with authority to take juridicial cognizance of the
fact that the William Fisher referred to in the testimony
was in fact William Fisher, County Solicitor of Escambia
County, Florida, who at the time was acting in that official
capacity on the trial of this case, and this authority to take
judicial cognizance extended in this case to the jury.
Where a defendant is charged with the crime of perjury
the jury is not authorized, upon receiving testimony that
the oath charged to have been violated was administered by
a certain individual, to assume, in the absence of affirma-
tive judicial knowledge, that that individual was lawfully
authorized to administer such oath until evidence shall
have been submitted showing that such person was then
and there authorized to administer the oath (would consti-
tute reversible error), but when the evidence shows that
such oath was administered by a person and it appears that
such person was one (as to) whose official position, powers,
duties and authority to administer the oath, must certainly
have been well known to both Court and Jury, such as the
County Solicitor of the County where the case is being
tried, proof of the official status of such person will not be
required, as such judicial knowledge takes the place of
proof.   State *ex rel.* v. Seibert, 130 Mo. 202, 32 Sw. 670;
Amos v. Mosley, 74 Fla. 555, 77 South. Rep. 619.

Every defendant is presumed to be innocent of the

offense charged until every material element of the offense has been proven by competent testimony; and the burden is upon the State to prove each element of the offense before a legal conviction may be had. Judicial knowledge, however, ordinarily displaces the necessity of evidence, as it means the same thing. 15 R. C. L. 1056.

We find no reversible error disclosed by the record. We must therefore hold that the refusal to grant defendant's motion for a new trial does not constitute error and judgment should be affirmed. And it is so ordered.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.

## RE-HEARING.

1. The authority of the County Solicitor to administer oaths to witnesses is contained in Sec. 5980, Rev. Gen. Statutes of Fla., 1920, and is as follows: "He is empowered to administer oaths to all witnesses *summoned* to testify by the *process of his court*."

2. It is fundamental in the law of criminal procedure that an oath before one who has no legal authority to administer oaths of a public nature or before one who, although authorized to administer some kind of oaths, but not the one which is brought in question, can not amount to perjury at common law, or subject the party taking it to prosecution for the statutory offense of willingly false swearing."

3. The County Solicitor has no authority to administer an oath to any person brought before him as a witness concerning any matter which he may be investigating, unless such witness has been brought before him by the *process* of his court.

A Writ of Error to the Court of Record for Escambia County; A. G. Campbell, Judge.

Affirmed.

*J. McHenry Jones,* Attorney for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—This cause was heretofore presented to the Court and upon consideration thereof the judgment was affirmed. In the original opinion the Court says: ''Where a defendant is charged with the crime of perjury the jury is not authorized, upon receiving testimony that the oath charged to have been violated was administered by a certain individual, to assume, in the absence of affirmative judicial knowledge, that that individual was lawfully authorized to administer such oath until evidence shall have been submitted showing that such person was then and there authorized to administer the oath would constitute reversible error, but when the evidence shows that such oath was administered by a person and it appears that such person was one whose official position, powers, duties, and authority to administer the oaths must certainly have been well known to both Court and jury, such as the County Solicitor of the County where the case is being tried, proof of the official status of such person will not be rendered, as such judicial knowledge takes the place of proof.''

Petition for rehearing was filed in which it was brought to the attention of the Court that the Court had not fully considered the terms of the statute authorizing County Solicitors to administer oaths.

Petition for rehearing was granted.

The authority of the County Solicitor to administer

oaths to witnesses is contained in Sec. 5980, Revised General Statutes of Florida, 1920, and is as follows: "He is empowered to administer oaths to all witnesses summoned to testify by the process of his court." Secs. 5978 and 5979, Revised General Statutes, authorize a County Solicitor to procure process for witnesses.

In 2, Hawkins Pleas to the Crown (7 London Edition, 86) the law applicable here is stated as follows:

"It seemeth clear that no oath whatsoever, taken before a person acting merely in a private capacity *or before those who take upon them to administer oaths of a public nature without legal authority for their so doing or before those who are legally authorized to administer some kind of oaths, but not those which happen to be before them* or even before those who take upon them to administer justice by virtue of an authority seemingly colorable, but in truth unwarranted and merely void, can ever amount to perjuries in the eye of the law, because they are of no manner of force, but are altogether idle."

The Supreme Court of the United States in the case of the United States v. Curtis, 22 Law Ed. 534, the Court say:

"It is fundamental in the law of criminal procedure that an oath before one who has no legal authority to administer oaths of a public nature or before one who, although authorized to administer some kind of oaths, but not the one which is brought in question, can not amount to perjury at common law, or subject the party taking it to prosecution for the statutory offense of willfully false swearing. Citing cases. 1 Hawk P. C., b. 1, ch. 27 Sec. 4, p. 430, 8th ed. by Curwood; Roscoe, Cr. Ev. 7th Am. ed. p. 817; 2 Whart Crim. Law, Sec. 2211; 2 Arch. Crim. Pr. & Pl. 8th ed. p. 1722."

The law as enunciated in these cases appears to be well settled. It is therefore apparent that the County Solicitor has no authority to administer an oath to any person

brought before him as a witness concerning any matter which he may be investigating, unless such witness has been brought before him by the *process* of his court. In this case the evidence shows that the accused was not a person brought before the County Solicitor as a witness by the process of his court. For that reason the County Solicitor was without authority to administer the oath which was administered to the witness and the violation of which was charged as perjury. The County Solicitor being without authority to administer the oath, the false statements made by the accused under the oath administered under such conditions could not constitute perjury and therefore the judgment should be and the same is now reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.