STATE, *ex rel.* ANNA STEWART, v. D. C. COLEMAN, as Sheriff, Dade County.

165 So. 272.

Division B.

Opinion Filed January 13, 1936.

*Ernest E. Roberts, and John E. Holland,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment in habeas corpus proceedings remanding the petitioner to the custody of the sheriff.

The petitioner was informed against, the information attempting to charge perjury, it being alleged that the statement which constituted the perjury was made to and before the State Attorney of the Eleventh Judicial Circuit of Florida in and for Dade County, Florida, in connection with the investigation being made by the State Attorney concerning the death of the person, which death had recently occurred in Dade County, Florida, and that an oath had been administered to petitioner by the States Attorney whereby she was required to speak the truth, the whole truth and nothing but the truth, and that petitioner had been duly served with process of the court requiring her to appear and testify in connection with the aforesaid investigation. A copy of the summons under which the petitioner appeared was attached to and made a part of the information. The summons was in the following language:

"GRAND JUROR'S SUBPOENA
THE STATE OF FLORIDA
County of Dade                          "In the name of the
                                        State of Florida

*"To All and Singular the Sheriffs of the State of Florida:*

"You are hereby requested to summon Jane Doe, alias Mrs. Wm. Estas Anna Stewart personally to be and appear before the Judges of our Circuit Court for the Eleventh Judicial Circuit of the State of Florida, at the Court House

in Miami, on the 12th day of June, A. D. 1935, instanter M., to testify and the truth to speak in behalf of the State of Florida in a certain matter before the Grand Jury impaneled and sworn to inquire in and for the body of Dade County. And this you shall in no wise omit.

Witness the Honorable H. F. ATKINSON, ULY O. THOMPSON, WORTH W. TRAMMELL and PAUL D. BARNS, Judges, as also E. B. LEATHERMAN, Clerk, and the Seal of said Court, at the Court House in Miami, Florida, this 12th day of June, A. D. 1935.

"G. A. WORLEY, *State Attorney.*

"E. B. LEATHERMAN, *Clerk Circuit Court.*
By F. J. Gould, Deputy Clerk."

It is contended by the petitioner that she was not lawfully required to appear before the State's Attorney and testify in connection with the investigation then being conducted but that she was only summoned to appear and testify before the Grand Jury impaneled and sworn to inquire in and for the body of Dade County. On authority of the opinion and judgment in the case of Campbell v. State, 92 Fla. 775, and 778, 109 Sou. 809, and authorities there cited, we must sustain the contention of the petitioner, plaintiff in error here.

In addition to what was said in the above cited case, we may say that it is the process of the court which requires a witness to testify and not merely the directions or the request of the County Solicitor or State Attorney.

It could scarcely be contended that if the petitioner here when she was brought before the State Attorney had refused to testify that she could properly have been adjudged to be in contempt of the court because of such refusal, because there had been no process of court requiring her to testify before the State Attorney.

There is no material difference between the provisions of Sections 5978 to 5980 R. G. S., 8259 to 8261 C. G. L., inclusive, in regard to the powers and duties of county solicitors and Section 3007 R. G. S., 4741 C. G. L., in regard to like powers and duties of State Attorneys. As we construe the language of the latter section, to-wit: "and he is empowered to administer oaths to all witnesses summonsed to testify by the process of his court," it means that the State Attorney is authorized to administer oaths to witnesses summonsed to testify by the process of his court only for the purposes for which such witness is summonsed, by such process, as set forth in the process. In other words, if a witness is summonsed by process of the court to testify in some civil action the State Attorney is not authorized to administer oaths to that witness in a criminal case, or if a witness be served with process requiring him to appear and testify in one criminal case the statute does not authorize the State Attorney to administer an oath to him as witness in some other criminal case. The witness is not within the jurisdiction of the court until he has been served with process and without the service of process, or some valid order of court, the witness is not required to testify. And, when served with process, or some valid order of the court, he is not required to testify about other matters or before other courts or the officers or agencies thereof, except those named in the process or court order. It follows that the petitioner in this case, not having been required by process or by order of court to testify before the State Attorney in an investigation being made by him separate and apart from the Grand Jury that she was not lawfully required to take the oath administered and the State Attorney was not authorized to administer that oath under

372

those conditions and the judgment must be reversed with directions that petitioner be discharged.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.