D. C. COLEMAN, as Sheriff, v. STATE, *ex rel.* CARROLL D. KING.

184 So. 334.
Opinion Filed November 9, 1938.

*Robert R. Taylor* and *Thomas H. Anderson*, for Plaintiff in Error;

*Vincent C. Giblin* and *Whitfield & Whitfield*, for Defendant in Error.

PER CURIAM.—This case is here on writ of error sued out on the part of the State of Florida, with leave of the Court first had and obtained, for the purpose of reviewing a judgment discharging the defendant in error in a habeas corpus proceeding had in the Circuit Court of Dade County, Florida. An information for perjury was filed against Carroll D. King in the Criminal Court of Record of Dade County, Florida, by Robt. R. Taylor, County Solicitor. The information charged that defendant King, on November 15, 1937, gave false testimony, after having been first lawfully sworn by the County Solicitor of said County, about acts prohibited by the criminal laws of Florida alleged to have occurred at "La Paloma Club," a night club operating in Dade County, Florida.

The praecipe for a subpoena as filed by the County Solicitor of Dade County, Florida, the said subpoena as issued, and the return thereon as made by the Sheriff of Dade County, Florida, are, viz.:

"In the Criminal Court of Record of Dade County, in and for Dade County, State of Florida.

"State of Florida
  vs.
_____
_____ _____
_____ _____

"To the Clerk of said Court:

"You will please issue a subpoena to all and singular the Sheriffs of the State of Florida, commanding them to summons Mary Hunter, Nadyne Delmar, Alice Gilbert, Elvera Sinn, Dolly Martin, Billie Young, Dorothy Jackson, Robert Hunter, Chas. Don Lucas, H. C. Plummer, Raymond A. Falkinsburg, Carroll D. King, Harold Manning, Norman Manning, Lew Hawekotie, Jack Siegel, Frank Tally, Jerry Gorman, Madelyne Daniell, Blanche Dorsey, Jackie Macen, Winifred Cannon, Al Youst, Walter Parkerson, John McKenna and Claudie Haney (Mrs. Joiner) to appear before the Solicitor of said Criminal Court of Record of Dade County, as a witness........in behalf of the State of Florida, in the above cause, and that you make the same returnable instanter.

      "Robert R. Taylor,
      ʳ"County Solicitor."

Appearing on the reverse side is the following:

"Praecipe for Subpoena for Witness in the Criminal Court of Dade County, before County Solicitor...............................

"State of Florida
 vs.
Mary Hunter, et al.

Filed Nov. 29, 1937.

W. Cecil Watson, Clerk.

"Filed in the Clerk's Office of Dade County, Florida, this........day of..........................., 193....

          "
          ---------------------------------------------

"Copied
"MHR 2/11/38

Clerk of Criminal Court of Record of Dade County."

"STATE OF FLORIDA,

"COUNTY OF DADE, SS:

"To ALL AND SINGULAR, THE SHERIFFS OF THE STATE OF FLORIDA:

"We command you to summon Mary Hunter, Nadyne Delmar, Alice Gilbert, Elvera Sinn, Dolly Martin, Billie Young, Dorothy Jackson, Robert Hunter, Chas. Don Lucas, H. C. Plummer, Raymond A. Falkinburg, Carroll D. King, Harold Manning, Norman Manning, Lew Hawekotie, Jack Seigel, Frank Tally, Jerry Gorman, Madelyne Daniel, Blanche Dorsey, Jackie Macen, Winifred Cannon, Al Youst, Walter Parkerson, John McKenna and Claudia Haney (Mrs. Joiner) to be and appear before the Solicitor of the Criminal Court of Record in and for Dade County, Florida, at his office, 1201 County Court House, Miami, Florida, Instanter to testify and the truth to speak on behalf of the State of Florida in a certain matter before the said County Solicitor, and this you shall in no wise omit.

"Witness the Honorable BEN C. WILLARD, Judge, as also W. CECIL WATSON, Clerk, and the Seal of said Court, at the Court House in Miami, Florida, this 29th day of November, A. D. 1937.

"Sheriff's Office

No. 29, 10:08 A. M., 1937
09

Dade County, Florida.

W. Cecil Watson
Clerk of Criminal Court
of Record in and for Dade
County, Florida.

By: E. K. Britzius, D. C.
(SEAL OF COURT)"

Appearing on reverse side:

"State of Florida, County of Dade.

"In Criminal Court of Record, in and for Dade County, Florida.

" ----------------------

" ----------------------

"WITNESS SUBPOENA.
"BEFORE COUNTY SOLICITOR.
"Filed Dec. 1, 1937.
"W. Cecil Watson, Clerk.
"Copied.
"MHR 2/12/38"

"RECEIVED this Writ on the ____day of _____ A. D. 19____, and executed the same in the County of _____ A. D. 193____, by _____ all served in person, Nov. 29, 1937. Miles 2.

"Copy _____ $ 9.10
"Service _____ 6.50
"Miles _____ .25
"Return _____ .10
                    ___
"Total _____ 15.95

"Sheriff of _____ County, Florida.
"By Harkness, Deputy Sheriff."

"AMENDED RETURN ORDER OF CRIMINAL COURT OF FEBRUARY 7, 1938.

"RECEIVED this Writ on the 29th day of November, A. D. 1937 and executed the same in Dade County, Florida, on the 29th day of November, 1937, by delivering a true copy hereof to the following named persons: Mary Hunter; Nadyne Delmar; Alice Gilbert; Elvera Sinn; Dolly Martin; Billie Young; Dorothy Jackson; Robert Hunter; Chas. Don Lucas; H. C. Plummer; Raymond A. Falkinburg; Carroll D. King; Harold Manning; Norman Manning; Lew Hawekotie; Jack Seigl; Frank Talley; Jerry Gorman; Madelyne Daniell; Blanche Dorsey; Jackie Macen; Winifred Cannon; Al Youst; Walter Parkerson; John McKenna; Claudia Haney (Mrs. Joiner) and explaining the contents thereof to said persons.

Copied by MHR 2/12/38.

"D. C. Coleman, Sheriff, Dade County, Florida

"By: B. F. Markle, Deputy Sheriff."

It was contended by counsel for the defendant in the lower court and here that the information under which he was held wholly failed to allege or set forth facts which, if true, constituted any crime or offense against, or violation of the, any statute or law of the State of Florida, or any crime or offense against, or violation of, the common law in force in the State of Florida. Counsel cites or relies on the authorities, viz.: Campbell v. State 92 Fla. 775, 109 So. 809; State, *ex rel.*, Stewart v. Coleman, 122 Fla. 368, 165 So. 272; In re: Shaw, 172 Fed. 520; People, *ex rel.*, Livingston v. Syatt, 186 N. Y. 383, 79 N. E. 330.

In the case of State, *ex rel.*, Stewart v. Coleman, *supra*, Anna Stewart was subpoenaed to appear before the grand jury of Dade County, Florida, on June 12, 1935, and to testify and the truth to speak in behalf of the State of Florida in a certain matter then pending before the said grand jury. It was alleged that she appeared in response to the subpoena but gave false testimony, *not before the grand jury* but before the State Attorney of said Circuit, and that the oath she was charged with violating was administered to her by the State Attorney. This Court properly held that she was subpoenaed to appear before the grand jury and testify before it and that she was not on that subpoena required to appear before the State Attorney and testify and for this reason she could not be prosecuted under the said information on the charge of perjury.

In the case of Campbell v. State, *supra*, this court held that when a person is charged with perjury it must be fully established by competent testimony that the oath administered was by some one authorized by law to administer

oaths. On rehearing it was held that the County Solicitor had no authority to administer an oath to any person as a witness unless brought before him by process of the court. In that case the evidence showed that the accused was not a person brought before the Solicitor as a witness by the court's process and for that reason no authority existed to administer the oath which was the basis of the perjury charge. In the case at bar the plaintiff in error was summoned and sworn by the County Solicitor and took an oath before him and never applied to the court at any time for an order suppressing the summons but took an oath and in this manner waived all defects connected with the process as served upon him. See Craft v. State, 42 Fla. 567, 29 So. 418 Collins v. State, 33 Fla. 446, 15 So. 220.

Section 8257 C. G. L. provides that all offenses shall be prosecuted upon information filed by the County Solicitor under oath; Section 8258 C. G. L. authorizes the County Solicitor to file information with the Clerk of the Criminal Court of Record in vacation without leave of the Court, and Section 8259 allows process when requested by *praecipe* under Section 8260 C. G. L. The Solicitor is authorized to administer oaths to all witnesses. See Section 8261 C. G. L.

The record does not show that the defendant objected to the form of the process served upon him, while it is true that he had full opportunity to point out the defects in the process by which he was brought before the County Solicitor but failed to act. If the defects appeared, it seems reasonable to assume that he was satisfied with each step in the proceeding which brought him before the county solicitor, inclusive of the time he was required to take an oath. It seems just and right that when a defendant, as in the case at bar, appears before a county solicitor on defective process, a duty rests upon him to interpose objections thereto in the proper manner and at the proper time prior to taking the

oath as administered by the County Solicitor, and if he fails to object he thereby waives his rights to be heard at a later date as to defective process which he has waived and approved. See Young v. State, 97 Fla. 214, 121 So. 468.

In the case of In re: Shaw, 172 Fed. 520, a motion was made to quash and set aside a subpoena served on a witness requiring him to appear and give testimony, and the court, on a full hearing, granted the motion and set aside the subpoena. The defendant here failed to file such a motion and he thereby waived this right and cannot now be further heard on this point in this Court because it comes too late. In 70 *Corpus Juris* 48, par. 31, it is stated:

"*Quashal* or Suppression of Subpoena.—Ordinarily, the remedy of a person claiming to have been wrongfully or improperly subpoenaed is to be sworn, or refuse to answer questions directed to him, and not to apply for the *quashal* of the subpoena, which may be accomplished only by a proceeding in the ordinary form for an injunction. Where, however, the service of a subpoena is set aside, as irregular, or insufficient, the subpoena must be suppressed."

The judgment appealed from in this case is hereby reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.

THOMAS, J., not participating.