168 So.2d 703 (1964)
William R. DINNEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4602.
District Court of Appeal of Florida. Second District.
November 11, 1964.
T. Paul Hodge, of Sandstrom & Hodge, Ft. Lauderdale, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, Victor V. Andreevsky, Asst. Atty. Gen., Miami, for appellee.
ALLEN, Acting Chief Judge.
This appeal, from a judgment of contempt against appellant, Dinnen, presents for determination certain questions with respect to an individual's rights in an investigation pursued under authority of Fla. Stat. 32.20, 1963, F.S.A., a statute empowering the county solicitor "to summon witnesses * * * to testify before him as to any violation of the criminal law upon which they may be interrogated." See too, Fla.Stats. 27.04 and 34.14, F.S.A. Specifically, appellant argues that "due process" requires that he be informed of the nature of the investigation prior to his appearance before the county solicitor and that he be represented by counsel during any interrogation.
On November 4, 1963, appellant was served with a subpoena commanding him to appear before the County Solicitor of the Broward County Court of Record on November 7, 1963, and "to testify and the truth to speak in behalf of the State of Florida, in a certain matter before the said county solicitor; * * *." Three days later, the date set for his appearance before the solicitor, appellant moved to quash the subpoena "for the reason that [it] * * * does not sufficiently inform [appellant] * * * of the nature of the inquiry for which testimony is sought to be adduced." This motion was denied and appellant was ordered, under pain of a contempt citation, to appear before the solicitor on November 14, 1963. Appellant did not appear, but sought again to quash the subpoena or, alternatively, to be permitted to appear with counsel. On November 14, 1963, the court was advised that appellant would appear and testify only if his attorney was permitted to be present. Upon hearing, and after recitation of applicable authority, the lower court found appellant's contentions *704 unmeritorious and the contempt judgment here appealed was entered.
As aforesaid, appellant contends that the omission of information as to the nature of the inquiry for which he was summoned and the denial of the aid and benefit of counsel during the inquiry constitute deprivations of "due process" under the State and Federal Constitutions.
With respect to the appellant's demand that his attorney attend the inquiry and the contention that such presence is a constitutional right, appellant fails to cite a single authority to support his position. His argument is unpersuasive. While the presence of counsel at inquiries of this sort is not unprecedented, see Lewis v. State, Fla.App. 1963, 155 So.2d 841, it is not a matter of constitutional right under the Federal Constitution, Re Grobans, 1957, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376, nor, for reasons similar to those discussed in the Grobans case, under the Declaration of Rights of the State Constitution. See Attorney General's opinion 054-57, 1953-54 Biennial Report of the Attorney General 698. To the contrary, investigatory interrogation without the presence of counsel has long been recognized and required in Grand Jury proceedings, see Fla. Stat. 905.17, 1963, F.S.A., and is at least permissive in the analogous investigations by public prosecutors.
Appellant's second contention, that he has a right to be advised of the nature of the inquiry prior to his appearance before the solicitor, is urged here upon authority of certain cases in the federal courts which, upon analysis, we find to be factually distinguishable and unpersuasive. Our own research discloses no controlling authority in this jurisdiction and, while appellant might have drawn some comfort from implications arising from the facts in Coleman v. State, 1938, 134 Fla. 802, 184 So. 334, and the citation therein to In Re Shaw, 172 F. 520 (S.D.N.Y. 1909), the Coleman decision is clearly not controlling and its implications are too speculative to be of significant value.
Recognizing the analogy between a public prosecutor's investigation and a Grand Jury proceeding, Cf. Wilson v. State, 1938, 134 Fla. 390, 184 So. 31, we are constrained to agreement with the view enunciated by Judge Augustus Hand in In Re Black, 47 F.2d 542 (2d Cir.1931).
"The appellant insists that, before a witness is compelled to testify before a grand jury, he should be apprised of the subject-matter of the inquiry or the name of the persons against whom the inquiry is addressed, and that he should not be called upon to go unaided by counsel to an inquiry which is unlimited in scope and for which he is entirely unprepared. But the privilege of a witness against self-incrimination is personal. Neither at a trial nor before a grand jury is he entitled to have the aid of counsel when testifying. It is hard to see then why he must be warned of the nature or extent of the testimony which is likely to be called for. A witness is not entitled to be furnished with facilities for evading issues or concealing true facts. Every bona fide investigation by a grand jury seeks to ferret out crime and criminals. To detect crime and to present charges against the guilty requires the most ample power of investigation. Frequently neither the nature of the crime itself, nor the identity of criminals can be forecast. To be compelled to state either in advance we think is likely unnecessarily to impede investigation and obstruct the administration of justice.
"* * *
"If the appellant is right in his contention, a witness, though he had been notified of a proposed inquiry, would be justified in refusing to continue his testimony if the examination developed facts calling for an incursion by the grand jury into some entirely new field *705 not mentioned in the subpoena and as to which he had not been warned. His need of counsel would be as great in such a situation as it is here if the grand jury set out upon an inquiry which he had been unable to foresee. Such a result would certainly be absurd; yet it would be quite inevitable if appellant's contention be sound. A witness must rely for any needed protection upon his personal privilege against self-incrimination to be invoked when the occasion arises."
The judgment of contempt is affirmed.
SHANNON, J., and DRIVER, B.J., Associate Judge, concur.