PER CURIAM.
The petitioner Herschel Gordon was summoned by the state attorney of Dade County, to be interrogated with reference to a certain violation of criminal law under investigation, as provided for by § 27.04, Fla.Stat., F.S.A. Thereafter the state attorney filed a suggestion seeking a contempt citation, alleging that Gordon, “upon advice of his counsel, did fail and refuse to testify unless his counsel was present during the course of the interrogation.” There is now before us Gordon’s petition for cer-tiorari, challenging the correctness of the subsequent order of the criminal court of record requiring him to “submit to interrogation by the said State Attorney or one of his assistants, without the presence of counsel.”
On behalf of the petitioner there were advanced a number of arguments which were not without some force. These included contentions that since the statute (§ 27.04) was silent as to presence of counsel there was no basis thereunder to exclude counsel; that the statute made no provision for secrecy or nondisclosure of the proceedings, such as were applicable to grand jury sessions ; that except for certain crimes (which did not include the one under investigation) a witness interrogated does not receive immunity, and that while such a witness may refuse to give self-incriminating testimony, his protection requires advice of legal counsel, to avoid self-incrimination and to guard against refusing to answer questions to which replies should be given, or risk punishment by contempt.
It appears, however, that the matter of the right of such a witness to have counsel *286 present when interrogated by the prosecutor has been considered and squarely ruled upon by the district court of appeal in the second district in the case of Dinnen v. State, Fla.App.1964, 168 So.2d 703, which held that a witness summoned to give such testimony before a prosecuting official is not entitled to have counsel present.
The order here for review conforms to the holding of the district court of appeal in Dinnen v. State, supra, and on the authority thereof we deny certiorari and dismiss the petition.
It is so ordered.