SPECTOR, Judge
(dissenting).
I respectfully dissent from the majority opinion herein. My dissent is based on the threshold question of whether the respondent board has jurisdictional power to issue subpoenas in connection with investigations being conducted by it to determine whether there have occurred violations of the dentistry law which might serve as the basis for disciplinary action against errant dentists. I believe that Section 466.11, Florida Statutes, F.S.A., empowers the Dental Board, by any member or its executive director, to:
“. . . issue subpoenas and send for persons or papers, and to compel the attendance of witnesses, the production of all necessary papers, books, records, documentary evidence and materials, in any hearing, investigation, accusation or other matter coming before the board.”
In my view, the respondent board’s raw jurisdictional power to subpoena witnesses is settled by a reading of Section 466.11, Florida Statutes, F.S.A. However, while' the respondent board is vested with such power, it must exercise that power in accordance with and for the purposes contemplated by Chapter 466, Florida Statutes. Since the board can only issue subpoenas in the furtherance of the exercise of its jurisdiction, a subpoena should show on its face the matter under investigation. The subpoena here in question does not inform the witness that he or she is being summoned to appear for a matter within the board’s ambit of authority and for that reason is defective. However, I think that defect is one of form and not substance. It is not such a defect as to require a holding that the board exceeded its jurisdiction in issuing the subpoena to petitioner.
Prohibition is an extraordinary action. It should not be resorted to where there are other adequate remedies afforded by law. See Coleman v. State, 134 Fla. 802, 184 So. 334, 337, wherein the court discusses the remedy which can be invoked by a person wrongfully or improperly subpoenaed. In the case at bar, the witness could have appeared and refused to be sworn or refused to answer questions on such grounds as she deemed appropriate. The sufficiency of the subpoena could thus be submitted for consideration by the circuit court as contemplated by Section 466.11, *638 Florida Statutes, F.S.A, of any and all reasons because of which petitioner should not be required to testify, including her obvious claim of immunity from the board’s subpoena power because of the freedom of the press clause in the First Amendment.
Accordingly, I dissent from the majority opinion and would dissolve the rule nisi and remand this matter for further proceedings before the respondent board without prejudice, of course, to petitioner’s right to challenge the validity of the subpoena in the circuit court on such grounds as she may deem appropriate.