312 So.2d 788 (1975)
STATE of Florida, by and through the OFFICE OF the STATE ATTORNEY FOR the TWENTIETH JUDICIAL CIRCUIT, Petitioner,
v.
Loretta SIEVERT and Andrew Sievert, Individually and As Husband and Wife, Respondents.
STATE of Florida, by and through the OFFICE OF the STATE ATTORNEY FOR the TWENTIETH JUDICIAL CIRCUIT, Petitioner,
v.
Loretta SIEVERT, As Next Friend and Natural Guardian of the Minor, Christina Sievert, Respondent.
Nos. 74-1522, 75-72.
District Court of Appeal of Florida, Second District.
May 14, 1975.
*789 Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State Atty., and Xavier J. Fernandez, Asst. State's Atty., Fort Myers, for petitioner.
Patrick E. Geraghty, of Henderson, Franklin, Starnes & Holt, Fort Myers, for respondents.
SCHEB, Judge.
The State's petitions for certiorari, previously consolidated by this court, present two questions as to whether it was error for the trial court to issue protective orders:
1) Limiting the State Attorney as to the time and extent of interrogating a witness and authorizing such witness to have counsel present at interrogation; and
2) Circumscribing the State Attorney's interrogation of a child of tender years by requiring a prior psychiatric examination and advance submission of questions to the court and permitting legal counsel and the child's mother to attend the interrogation.
While conducting a homicide investigation concerning the death on September 26, 1974 of one James O'Neill, the State Attorney's inquiry began to focus on the Sievert family: Andrew and his wife Loretta, their six-year-old daughter Christina, and Loretta's mother. Loretta Sievert's mother was arrested for the murder of *790 O'Neill. Loretta Sievert was questioned by the State Attorney in respect to the case and was granted immunity pursuant to Fla. Stat. § 914.04. Thereafter, Loretta Sievert was arrested and charged with tampering with evidence relating to the O'Neill murder. Both Loretta Sievert and her mother were subsequently discharged.
Andrew Sievert and Christina Sievert were subpoenaed to testify before the State Attorney. These parties, referred to as the respondents, moved to quash and sought protective orders. The respondent Andrew Sievert contended he was being harassed by the State Attorney since he had given a statement to the sheriff's office and had been subpoenaed and gave testimony before the State Attorney in the matter under investigation on a prior occasion. In the affidavit accompanying his motion he stated that another appearance to testify would entail additional absences from his work which would tend to jeopardize his employment at a local department store. He further alleged that additional questions by the State Attorney would likely invade the area of privileged communications between himself and his wife.
As to Christina, the respondents Andrew and Loretta Sievert contended that they had been advised by their physician that any questioning of her by the State Attorney could have a profound psychological effect upon her since she was in the process of recovering from an emotional trauma following the passing of her nine-year-old brother who died from leukemia on February 3, 1974. In her motion, Loretta Sievert alleged she had not allowed Christina to become aware of certain charges which had been placed against her and the child's grandmother as a result of the death of James O'Neill. Moreover, she contended Christina was of doubtful competency to testify or even to be interrogated by the State Attorney; further, that subpoenaing Christina was part of the harassment of their family by the State Attorney.
The trial court, after hearings, entered orders which in the relevant parts provided:
As to Andrew Sievert:
"The State may take the deposition of Petitioner, ANDREW SIEVERT, one further time, and said deposition shall be taken at a time other than the Petitioner's working hours; Petitioner shall have the right to have his own attorney present, and at the taking of his deposition, should any question be asked him involving the common law privilege of communication between husband and wife, the Petitioner, being represented by counsel, will have an opportunity to raise his objections, if any, and refuse to answer the question or questions and said objections or refusals to answer shall be ruled on by this Court at a later time."
As to Christina Sievert:
"... Christina Sievert will be examined by a child psychologist or psychiatrist ... to determine whether or not the child's deposition or statement can ever be taken, and if so, under what circumstances and what conditions. If it is determined by the Court after hearing the doctor's testimony ... that she is able to undergo a deposition or interrogation by the State Attorney's office, the deposition or interrogation will take place under the following conditions:
a. The deposition will be taken at a place least likely to harm the child, as determined by the Court,
b. The child's mother, Loretta Sievert, shall have the right to be present, and she shall also have the right to be represented by counsel at said deposition or interrogation.
c. Any questions which will be submitted to the child by the State or a representative of the State must first be submitted to the Court prior to the taking of her deposition in their entirety."
*791 Petitioner, State Attorney, contends the trial court exceeded its jurisdiction and that the complained of orders are not in conformity with the essential requirements of the law. As to the first question, certiorari is granted and the order complained of is quashed; as to the second, certiorari is denied.
Under Fla. Stat. § 27.04 the State Attorney is granted broad authority to "... summon witnesses ... to appear before him ... at such convenient times as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated ..."
As constitutional officers,[1] State Attorneys must necessarily conduct complete and thorough investigations to determine whether or not they should execute the statutory oath required of them in filing informations.[2]
A State Attorney's power to investigate should not lightly be circumscribed by protective orders designed to accomodate the conveniences of witnesses. Though inconvenient to the respondent, the State Attorney's determination to conduct an additional interrogation did not manifest harassment which would justify intervention by the court. Likewise, there was no basis here for the trial court to enter into scheduling processes of the State Attorney merely because of an alleged inconvenience to the respondent Andrew Sievert. Inconveniences of the nature complained of affect all witnesses; however, employees and employers must adjust to such inconveniences, as these are reasonable incidents to the administration of our system of justice. Like requirements for jury service, inconveniences of this nature are the responsibilities of all citizens. To hold otherwise would severely restrict State Attorneys in the conduct of investigations necessary to discharge their constitutional duties.
The respondent, Andrew Sievert, was advised by competent counsel in respect to his legal rights. Therefore, advice as to whether it would be appropriate for him to decline to answer certain questions was available to him. But there is no constitutional or statutory right to have counsel present when a witness is interrogated by a prosecuting official. See Dinnen v. State, Fla.App.2d 1964, 168 So.2d 703. Therefore, the trial court erred in holding that this respondent was entitled to have his counsel present during the interrogation.
While the vigor of the State Attorney in the use of the processes of the court should be sustained and commended in all instances except where the rights of others are impaired or denied, Imparato v. Spicola, Fla.App.2d 1970, 238 So.2d 503, here the trial court properly perceived the need for protecting the interests of a child of tender years. The court apprehended that an unsupervised interrogation of Christina could cause psychological harm since she was reportedly recovering from the trauma of the recent death of her nine-year-old brother. The State has argued that the court is without authority to stipulate conditions under which Christina could be interrogated; however, this contention is not tenable in light of Imparato, supra, and the inherent authority of the court to act whenever necessary to protect the interests of minors. Cooper v. Cooper, Fla.App.2d 1967, 194 So.2d 278; Brown v. Ripley, Fla.App.1st 1960, 119 So.2d 712. Moreover, the protections cited by the State, viz., protection against self-incrimination and ability of the public to remove a State Attorney who could abuse the power of his office are of slight relevance to a child of tender years and her parents. There has been no showing by the State that, considering all circumstances, the conditions imposed by the trial court, to wit: prior psychiatric evaluation, stipulation that testimony be taken at a place least likely to harm the child, questions to be submitted to the *792 court in advance and with the mother and legal counsel to be present, are unreasonable.
Accordingly, certiorari is granted in Appeal # 74-1522 and the trial court's order in respect to interrogation of Andrew Sievert is quashed; the order stipulating conditions for interrogation of Christina Sievert is approved and certiorari in Appeal # 75-72 is denied.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Fla. Const. Art. V, § 17.
[2] Fla. Stat. § 923.03(2).