341 So.2d 808 (1977)
Neil STUDNICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-872.
District Court of Appeal of Florida, Third District.
January 18, 1977.
Rehearing Denied February 16, 1977.
Michael H. Weisser, North Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
*809 PER CURIAM.
Defendant, Neil Studnick, seeks reversal of a conviction for indirect criminal contempt for failure to obey a witness subpoena.
On April 20, 1976 an "insolvent" subpoena was issued to defendant-appellant, Neil Studnick, to appear on April 26, 1976 as a witness in the case of State v. Hernandez. Although the return on the subpoena specified that he was personally served, Studnick alleged he received it by mail. Upon receipt of the subpoena, Studnick immediately contacted his attorney who advised him not to appear due to the fact that there was no check with the subpoena and also it did not afford reasonable notice in reference to the time he (Studnick) had to appear. Studnick did not appear and subsequently a rule to show cause was issued as to why he should not be held in contempt for his failure to appear. A hearing on the rule to show cause was held on May 7, 1976 and the trial judge then determined that Studnick was in indirect contempt of court because of his deliberate and unjustified failure to obey a subpoena duly served upon him. Thereupon, the judge sentenced him to 10 days in the county jail. Studnick appeals and contends that the judge erred in adjudicating him guilty of indirect contempt when he was not personally served with the subpoena, and on advice of counsel did not appear as a witness at the trial. We cannot agree.
If Studnick and/or his counsel believed that the subpoena or its service was defective in any manner, it was incumbent upon them to file a motion to quash and set aside the subpoena. Having failed to file such a motion, Studnick waived any defects and could not be heard on this point at a later date (i.e., either at the contempt hearing or on his appeal). See Coleman v. State, 134 Fla. 802, 184 So. 334 (1938).
Nevertheless, the fact that Studnick relied upon the advice of his attorney should have been taken into consideration by the trial judge in mitigation of the punishment. See 17 C.J.S. Contempt § 38 (1963). We deem the sentence of 10 days in the county jail to be too severe under the circumstances, and hereby reduce the sentence to one day in the county jail.
It is so ordered.