DELL, Judge.
The State, by petition for a writ of certio-rari, seeks review of a protective order which prohibits the prosecution from ques *626 tioning Kari Swayman Keitz, a three year old child. The petition for writ of certiorari is granted.
Briefly stated, this petition arises from a first degree murder investigation and prosecution. The victim was divorced and had been involved in a bitter custody battle with his ex-wife, Randye Keitz, and her new husband, Mitchell Keitz. The court, in the dissolution proceeding, granted custody of Kari Swayman Keitz to the mother. The victim was allowed limited visitation privileges on weekends and desired to visit his daughter on the weekend of his death. Randye Keitz told him that he could not see his child because she was ill. He subsequently learned that his daughter was not ill and obtained visitation with her from his ex-wife only after an argument. The victim was to return his daughter in the early evening hours on the day of his death, and then to meet a previously scheduled appointment. He never showed up for his appointment. Subsequent investigation of the Keitz’s home revealed evidence indicating that a beating had occurred. Indictments were brought against Randye and Mitchell Keitz.
The prosecution, pursuant to Section 27.-04, Florida Statutes (1979), issued a subpoena to Kari Swayman Keitz. The co-defendant, Randye Keitz, as mother and natural guardian of Kari Swayman Keitz, petitioned the court for an order quashing the subpoena. The trial court ordered the child, because of her tender age, to be examined by a child psychiatrist to determine whether or not she might suffer possible mental or emotional damage as a result of any questioning that might take place regarding the events surrounding the death of her father. She was examined on three separate weeks by Antonio S. Fueyo, a child psychiatrist.
The court, after receipt of a letter summarizing the examinations conducted by Dr. Fueyo, conducted a hearing on the motion for protective order. The prosecution stated that it wished to ask only limited questions, e.g., what she did with her father on the day in question, where they ate, when her father took her home, who was there when her father took her home and whether or not there were any loud noises that took place once she got home. The prosecution represented that the importance of investigating these limited areas with Kari Swayman Keitz was directly relevant to an alibi defense raised by the co-defendant, Randye Keitz, who is the party seeking the protective order for the child.
Dr. Fueyo testified that the questions proposed by the prosecution would not harm the child but went on to state that the questions would not be meaningful to her. A letter written by Dr. Fueyo was introduced into evidence wherein he stated that he strongly believed that inquiries about the death of her father would be fruitless and any questioning or insistence on answers to such questions could result in harm to the child and could outweigh any benefit that law enforcement could have. Dr. Fueyo’s evaluation of the benefit to law enforcement is not material, but his opinion as to the possible harm to the child is relevant and was obviously material to the court when it prohibited the taking of the child’s statement.
We appreciate the trial court’s concern for the welfare of the child. It appears, however, that there is no evidence that the questions which were proposed by the State would be harmful to the child even though the answers to those questions might not be meaningful to her and her answers may not be reliable. We find that the trial court properly perceived the need for protecting the interests of the child, but that it exceeded its authority when it prohibited the taking of any statement from the child, even under controlled circumstances calculated to protect the child from any mental or emotional harm.
In, State, Office of State Attorney for 20th J. C. v. Sievert, 312 So.2d 788 (Fla. 2nd DCA 1975), the Court permitted the taking of a statement of a nine year old child, notwithstanding testimony by a physician that any questioning of her by the state attorney could have a profound psychological effect upon her since she was in the process of recovering from an emotional *627 trauma. The State had argued that the court was without authority to stipulate conditions under which the minor could be interrogated. In the instant case, the State proposed controlled circumstances and offered to stipulate to the limited nature of the questions which would be asked.
We believe that the trial court erred when it prohibited the taking of the child’s statement. The trial court should have granted the State’s request to take the statement under the supervision of the trial court or the psychiatrist and limited the questions to those proffered by the State.
Accordingly, certiorari is granted and the trial court’s order prohibiting the interrogation of Kari Swayman Keitz is quashed. This matter is remanded to the trial court for entry of an order permitting limited interrogation of Kari Swayman Keitz under conditions which will accommodate the state’s duty to investigate crime and yet protect the best interest of the child.
DOWNEY and HURLEY, JJ., concur.