SCHWARTZ, Chief Judge
(dissenting).
In resolving the discovery issue before us, we must balance the cognizable, permissible interests legitimately to be served by taking this child’s deposition — which, as opposed to the impermissible, indeed reprehensible ones it actually promotes, I believe to be utterly non-existent — with the potential harm to the child which would be obviated by precluding it. State v. Keitz, 410 So.2d 625 (Fla. 4th DCA 1982); see generally South Florida Blood Service, Inc. v. Rasmussen, 467 So.2d 798 (Fla. 3d DCA 1985); Dade County Medical Ass’n v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979). On that basis, I think it clear that the trial court abused its discretion and departed from the essential requirements of the law in denying the motion for a protective order that no deposition whatever be taken. Hence, I would quash the order under review outright.