672 So.2d 95 (1996)
Johnny MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-699.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Bennett H. Brummer, Public Defender and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth and Angelica D. Zayas, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GREEN, JJ.
SCHWARTZ, Chief Judge.
During the course of his appearance on an unrelated charge of indirect contempt, the defendant-appellant passed out in the courtroom and could not readily be revived because he had "had a little coke" that morning.[1] We conclude that the trial court *96 properly found that this conduct obstructed the administration of justice in the case so as to justify a finding of direct criminal contempt. See Linowitz v. State, 498 So.2d 1315 (Fla. 3d DCA 1986); Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981). Compare Commonwealth ex rel. Falwell v. Di Giacinto, 324 Pa.Super. 200, 471 A.2d 533 (1984) (contempt not justified when voluntary intoxication did not disrupt, embarrass, or hinder the court). See generally 17 Am. Jur.2d Contempt § 74 (1990); Annot., Intoxication of Witness or Attorney as Contempt of Court, 46 A.L.R.4th 238 (1986). While we decline ourselves to reduce the six-month sentence imposed below, Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943); but cf. Studnick v. State, 341 So.2d 808 (Fla. 3d DCA 1977), cert. denied, 348 So.2d 954 (Fla. 1977), the cause is remanded for prompt consideration of a motion to mitigate pursuant to Florida Rule of Criminal Procedure 3.800(b).[2]
Affirmed, remanded.
BARKDULL, J., concurs.
GREEN, Judge (dissenting).
Although I find the appellant's admitted appearance before the trial court under the influence of an illegal substance to be a totally reprehensible act, I do not agree that this act alone can support a finding of criminal contempt on the record before us. Generally speaking, criminal contempt consists of any words spoken or acts committed which are calculated to embarrass, hinder, or obstruct the court in its administration of justice, or which are calculated to lessen its authority or dignity. Clein v. State, 52 So.2d 117, 119 (Fla.1950); Ex Parte Crews, 127 Fla. 381, 173 So. 275 (1939); Dudley v. State, 511 So.2d 1052, 1056 (Fla. 3d DCA 1987); Thomson v. State, 398 So.2d 514, 517 (Fla. 2d DCA 1981). The operative word here is "calculated" as intent is an essential element of contempt. Thomson, 398 So.2d at 517. Without question, the appellant admitted that he intentionally ingested cocaine prior to coming to court. However, there is not a scintilla of evidence on this record (and I doubt that there ever can be under the facts of this case) that he did so with the specific intent to "embarrass, hinder or otherwise obstruct" the courtroom proceedings below. He may very well have inexcusably been as "high as a Georgia pine" when he entered the courtroom and momentarily dozed off but the record certainly does not support the notion that his behavior was otherwise contumacious. He addressed the court at all times in a most respectful, docile, and courteous manner and at no time created any outbursts.[3]
The state (and apparently the majority) appears to suggest that the momentary delay in the proceeding below as a result of efforts *97 to awaken appellant was sufficient to support a finding that the proceedings were hindered or delayed by the appellant's sleeping.[4] I disagree. Anyone with any familiarity with the day to day operations of our congested trial courts knows first hand that delays in courtroom proceedings due to an occasionally "snoozing" litigant, witness, juror, lawyer, (or for that matter, judge) who may or may not be under the influence of anything are commonplace. Any temporary delay under such circumstances, in my opinion, is absolutely de minimis and inconsequential.[5] The irony of the argument to the contrary is that if the appellant had fallen asleep as a result of being under the influence of lawful medication (or even lied to the court and said that he was), he perhaps would not have drawn the apparent ire of the trial judge (and hence the contempt charge) but the proceeding would nevertheless still have been delayed.
Until today, it appears that no other district court in this state in a reported decision has upheld a finding of direct criminal contempt against a defendant based solely upon his appearance before the court under the influence of an illegal substance and/or alcohol. Other jurisdictions which have considered this issue have resoundingly rejected such an act as a sole basis for criminal contempt. Bethard v. District of Columbia, 650 A.2d 651 (D.C.1994) (summary finding of criminal contempt reversed due to an insufficient showing of willfulness where appellant was found to have appeared for his D.U.I. trial under the influence of drugs; "nodded" in his seat; and stumbled over other people several times as he entered and exited his seat); Cameron v. State, 102 Md.App. 600, 650 A.2d 1376 (Ct.Spec.App.1994) (criminal contempt finding reversed against an admitted alcoholic who appeared before the court with an elevated blood alcohol content but who did not otherwise disrupt the proceeding by contumacious or stupefied conduct); Commonwealth ex rel. Falwell v. Di Giacinto, 324 Pa.Super. 200, 471 A.2d 533 (1984) (appellant's act of coming to court under the influence of alcohol and slight incoherence was not contemptuous in the absence of a showing that appellant's consumption of alcohol before coming to court significantly obstructed the administration of justice); but cf. Ridge v. State Bar of California, 47 Cal.3d 952, 254 Cal.Rptr. 803, 766 P.2d 569 (1989) (where the California Supreme Court upheld a contempt charge against an attorney who appeared at a client's preliminary hearing under the influence of alcohol and attempted to conduct a defense while intoxicated). These jurisdictions recognize (correctly I think) that the per se act of appearing before the court under the influence of drugs and/or alcohol, as odious as it may be, is not a sufficient basis to sustain a finding of criminal contempt. Where as here, the record is completely devoid of any evidence that the appellant's behavior was otherwise contumacious or served to significantly hinder or disrupt the orderly flow of the court's proceedings, I cannot support the finding of criminal contempt. Accordingly, I would reverse the order under review.
NOTES
[1] The pertinent colloquy is as follows:

THE COURT: Page 10, Johnny Miller.
PROBATION OFFICER: I am not sure, he is under the influence of something.
(Whereupon the Defendant was called several times)
THE COURT: Mr. Miller, it appears you might be under the influence of something, is that correct? Let's try the truth.
THE DEFENDANT: M'am.
THE COURT: Are you under the influence of some drug at this time?
THE DEFENDANT: M'am.
THE COURT: I am going to have you tested. Can you hear me? Mr. Miller, it appears you may be under the influence of some controlled substance?
ATTORNEY: She said she thinks you are under the influence of some drugs or something, are you?
THE DEFENDANT: Inaudible.
ATTORNEY: He said he is on antibiotics. He got some sort of flu. English translation.
THE COURT: Mr Miller, listen to me. At this time I am going to have them do a urine test on you.
THE DEFENDANT: Yes M'am.
THE COURT: Unless you want to tell me about what you had this morning.
THE DEFENDANT: All I did was sat down for a while, I fell asleep.
THE COURT: If you are not going to tell what you are under, we will do a urine test and we will find out. If you are clean, no problem. If you are not clean then you have a problem.
THE DEFENDANT: I had a little coke.
THE COURT: You had a little coke this morning?
THE DEFENDANT: Yes, M'am.
THE COURT: You come to court on a contempt proceedings completely gone? What is wrong with you?
I need to think about this. Have a seat. We need to think about what needs to be done.
[2] The public defender is appointed to represent the defendant for this purpose.
[3] The appellant ultimately acknowledged his misdeed and even apologized, without any prodding, to the judge in open court.
[4] The majority points out that the appellant "passed out" during the courtroom proceedings. While that was indeed the trial court's characterization, it is not apparent from the record that the appellant actually fainted or lost consciousness and had to be revived or resuscitated. Indeed, the record equally supports the notion that the appellant was sleeping soundly.
[5] While I do not for one moment condone anyone sleeping during courtroom proceedings, I believe that this matter can be adequately addressed in the first instance by the trial judge (assuming he or she is not the offender) short of a contempt proceeding.