PATTERSON, Judge.
E.H. challenges an order holding him in indirect criminal contempt of court. We reverse the order because, as the State concedes, the trial court did not follow the procedures set forth in Florida Rule of Juvenile Procedure 8.150(b) to hold E.H. in indirect criminal contempt of court.
It appears from the record that the trial court never issued an order to show cause, which must be served on the defendant to initiate indirect criminal contempt proceedings. See Fla. R. Juv. P. 8.150(b)(1); see also Blalock v. Rice, 707 So.2d 738, 741 (Fla. 2d DCA 1997) (discussing Florida Rule of Criminal Procedure 3.840, the adult counterpart to rule 8.150). The trial court also erred by finding E.H. in contempt in the juvenile’s absence. By doing so, the trial court could not comply with the requirements that the *1332 defendant be allowed to “testify in his or her own defense” and that prior to the court’s pronouncement of sentence, the defendant be “afforded the opportunity to present evidence of mitigating circumstances.” Fla. R. Juv. P. 8.150(b)(4) and (7). We also note that the written order fails to recite the facts upon which the contempt is based. See Fla. R. Juv. P. 8.150(b)(6). Thus, we reverse the trial court’s order finding E.H. in indirect criminal contempt of court.
Reversed.
THREADGILL, A.C.J., and GREEN, J., concur.