855 So.2d 683 (2003)
M.W., Petitioner,
v.
Jon LOFTHIEM, Director, Polk Regional Juvenile Detention Center, Respondent.
No. 2D03-3414.
District Court of Appeal of Florida, Second District.
October 1, 2003.
*684 James Marion Moorman, Public Defender, and Robert V. Hartman, Assistant Public Defender, Bartow, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
M.W. petitions this court for a writ of habeas corpus challenging the legality of his confinement for contempt. We previously directed a stay of the trial court's detention order and ordered M.W.'s release pending our further review. We now grant the petition and vacate the order of detention.
On July 24, 2003, M.W. was before the trial court for disposition on a charge of petit theft. The trial court imposed probation and withheld adjudication. The court asked if the Department of Juvenile Justice (DJJ) was requesting a drug screen. When the DJJ representative responded affirmatively, the court ordered M.W. to immediately report for a drug test "now that he is on probation." The court proceeded with other cases. M.W. asked to address the court again prior to reporting for the drug test. M.W. told the judge he had smoked marijuana in the past week.
The trial judge stated:
My rule in court is if somebody comes into my courtroom with marijuana in his systemhe's in contempt of court, because he shouldn't be using drugs and going to court. You can give me a reason now why you shouldn't be held in contempt of court and confined for [five] daysI'll entertain your excuse or your reason for me not [holding you in contempt].
M.W.'s counsel on the petit theft case responded that M.W. had not misrepresented anything to the court and should not be held in contempt.
Subsequently, M.W. tested positive for marijuana. The trial court found M.W.'s admission to smoking marijuana, coupled with the quantity of marijuana in his system, to be sufficient to establish that he was in contempt of court. On that basis alone, the court entered a summary order for M.W.'s detention for contempt for five days.
Although the trial judge did not characterize the type of contempt proceeding he initiated, the summary proceeding most closely resembles a direct criminal contempt proceeding. But the record before us does not contain a written judgment of contempt with recitals of the facts upon which the adjudication was based as is required in direct criminal contempt proceedings. See Fla. R. Juv. P. 8.150(a) (requiring recitals of fact in judgment of guilt of contempt); Fla. R.Crim. P. 3.830 (adult counterpart to the juvenile rule); see also Gidden v. State, 613 So.2d 457, 460 (Fla.1993); Williams v. State, 698 So.2d 1350,1351 (Fla. 1st DCA 1997) (stating that factual recitation assures compliance with longstanding rule that contempt should be exercised with care and circumspection).
Furthermore, based on our review of the transcript of the contempt proceeding, we conclude that no act of direct criminal contempt occurred. Contempt is an act which is calculated to embarrass, hinder, or obstruct the trial court in the administration of justice or which is calculated to lessen its authority or dignity. See Thomson v. State, 398 So.2d 514, *685 517 (Fla. 2d DCA 1981). Rule 8.150(a) provides that "[a] contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court." Where a judgment of contempt is not objectively supported by the court transcripts, it is procedurally defective. Thompson v. State, 618 So.2d 781, 784 (Fla. 5th DCA 1993). Admission to the use of marijuana "in the past week" prior to appearing in court does not constitute direct criminal contempt. The record before us contains no evidence that M.W. was under the influence of marijuana such that his conduct was disruptive of court proceedings or that his faculties were impaired. While M.W. acted in an irresponsible manner before his appearance in court, there is no evidence that he was directly disrespectful of or directly hindered the court proceedings on the day at hand or that his behavior was calculated to lessen the court's authority or hinder the administration of justice.
In its response, the State urged that the petition should be dismissed because M.W. committed an act of direct contempt of court. However, it cited no cases to support its conclusion. The only Florida case our independent review disclosed involving direct contempt for appearing in court under the influence of drugs, Miller v. State, 672 So.2d 95 (Fla. 3d DCA 1996), is factually dissimilar to this case.
Neither does M.W.'s admission to prior use of marijuana constitute indirect criminal contempt unless the use violated a valid court order that was in effect at the time he used the drug. The record discloses no such order. Even if such an order existed, the trial court failed to follow any of the procedures required by rule 8.150(b), which governs indirect contempt. Thus, the trial court failed to afford the due process protections required in indirect criminal contempt proceedings. See E.H. v. State, 711 So.2d 1331 (Fla. 2d DCA 1998); May v. State, 623 So.2d 601 (Fla. 2d DCA 1993).
For the reasons explained in this opinion, we lift the temporary stay of the detention order, grant the petition for writ of habeas corpus, and direct that the order of detention for contempt be vacated.
Petition for habeas corpus granted; order vacated.
FULMER, CANADY, and WALLACE, JJ., Concur.