338 So.2d 52 (1976)
Linda McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2280.
District Court of Appeal of Florida, Fourth District.
September 17, 1976.
Rehearing Denied October 29, 1976.
*53 Marc L. Lubet, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant, Linda McCoy, appeals a judgment of guilty and imposition of sentence for the crime of perjury. We reverse.
We glean from the proceedings before the trial court that appellant on January 31, 1975 was subpoenaed to be and appear before the state attorney or his lawfully appointed assistant state attorney to testify as to any violations of the criminal laws upon which appellant might be interrogated. It further appears that pursuant to the subpoena, the appellant appeared before an assistant state attorney, was placed under oath, given immunity from any crime to which she testified and gave information. Prior to appellant's interrogation, the court reporter informed the assistant state attorney that she could not stay and take a lengthy statement from the appellant as she had prior commitments that afternoon. The assistant state attorney then asked two Orlando police detectives, who were present, to take the appellant over to the Orlando Police Department and for them to take appellant's statement in their office.
Appellant was then escorted by the Orlando police from the state attorney's office *54 over to the Orlando Police Department, which was several blocks away. While at the Orlando Police Department, appellant was interrogated by the Orlando police officers without any further oath being administered. The statement given by the appellant was recorded by a mechanical device.
Subsequently thereafter, on February 28, 1975 appellant was subpoenaed by the Public Defender of Orange County, Florida, for the purpose of taking her deposition in a criminal proceeding in the Circuit Court of Orange County. After having been placed under oath, appellant made a statement as to certain burglaries she had knowledge of, and her knowledge of the participation of David S. Rohn and James Harold Rohn in the burglary in question.
On January 31, 1975, when questioned by the two Orlando police officers, appellant had stated that she had knowledge of a burglary at Bell Rental and Sales, Inc. at 5028 South Orange Avenue, Edgewood, Florida, that had occurred on November 28, 1974, and that the above named Rohn brothers had participated in that burglary. At the taking of appellant's deposition on February 28, 1975, appellant stated that she had no knowledge of the burglary at Bell Rental and Sales, Inc. on November 28, 1974, and that the Rohn brothers had not participated in that burglary.
Thereafter an information was filed, charging appellant with perjury by contradictory statements made under oath. Appellant by motion then moved to dismiss the information. The motion came on for hearing before the trial court, which motion was apparently treated by the trial court and the parties as a motion to dismiss, pursuant to Florida RCrP 3.190(c)(4), though not technically in compliance with Florida RCrP 3.190(c)(4). The trial court denied the motion to dismiss. Appellant then entered a plea of nolo contendere, reserving the right to appeal denial of the motion to dismiss. The trial court then adjudged appellant guilty of the crime of perjury by contradictory statements, and sentenced her to a term of years in the state prison. This appeal then followed.
Florida RCrP 3.190(c)(4) provides for dismissal of an information upon defendant's motion when there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. Perjury by contradictory statements, as set forth by Section 837.021, Florida Statutes 1975, consists of two or more material statements being wilfully made under oath during one or more official proceedings which, in fact, contradict each other. Section 27.04, Florida Statutes 1975, provides that a state attorney may summon witnesses through the process of the court to appear before him to testify as to any violation of criminal law which he may be investigating, and he is authorized to administer oaths to such witnesses.
It is the process of the court which requires a witness to testify and not merely the directions or request of the county solicitor or state attorney. The state attorney is authorized to administer oaths to witnesses summoned to testify by the process of his court only for the purposes for which such witness is summoned by such process, as set forth in the process. When served with process or some valid order of the court, a person is not required to testify about other matters or before other courts, or the officers or agencies thereof, except those named in the process or court order. State ex rel. Stewart v. Coleman, 122 Fla. 368, 165 So. 272 (1936).
In the instant case appellant-defendant, Linda McCoy, was charged with perjury by contradictory statements, one of which statements was made during interrogation by police officers without the presence of the state attorney or his assistant. An oath was properly administered by an assistant state attorney to appellant when she appeared to testify pursuant to a subpoena. Prior to interrogation, the assistant state attorney directed appellant to accompany two police officers to their office to take her statement; the assistant state attorney would not be present. The crime of perjury requires that appellant must have made contradictory statements under oath in an official proceeding. The assistant *55 state attorney was authorized to administer an oath which applied to interrogation of appellant who was properly before him. Neither the statute nor court process empowered the assistant state attorney to administer an oath which would apply to testimony not before himself, but before police officers. It was the process of the court, the subpoena, which required the appellant to testify before the assistant state attorney and not his directions. A state attorney's directions to give testimony while under oath in front of police officers is not unlike directions to testify before another court or governmental unit, which a state attorney clearly lacks power to do. Once the assistant state attorney varied considerably the directions of the subpoena and directed appellant to testify elsewhere, before persons other than himself, the appellant's testimony is no longer validly under oath and is not of the character required for a prima facie case of the crime of perjury. The information upon which appellant was charged is based upon undisputed facts which do not establish a prima facie case of guilt against the appellant-defendant, Linda McCoy, sufficient to support the crime of perjury by contradictory statements. Thus was the error of the trial court in denying defendant's motion to dismiss. The motion to dismiss the complaint should have been granted.
Accordingly, the judgment and sentence appealed is reversed and the cause remanded to the trial court to discharge Linda McCoy and to dismiss the information.
Reversed and remanded, with directions.
ALDERMAN, J., and CARLTON, CHARLES T., Associate Judge, concur.