GRIMES, Acting Chief Judge.
This is an appeal from a conviction of perjury by contradictory statements under Section 837.021, Florida Statutes (1977).
The appellant and Ben Kennedy were charged with grand larceny. Appellant pled nolo contendere and was placed on probation for five years. In preparation for the trial of Kennedy, Assistant State Attorney Pickard subpoenaed appellant to his office and required him to give testimony under oath concerning the details of the crime. Appellant’s testimony was neither recorded nor transcribed. However, Pick-ard testified that appellant told him that he and Kennedy together conceived the idea of the larceny and that after the money was taken it was split between them. A few days later, at Kennedy’s trial, the appellant told a different story. He testified under oath that Kennedy did not participate in the decision to commit the crime and that Kennedy shared no part of the proceeds.
Only Pickard testified concerning what appellant had told him under oath prior to the trial. Therefore, appellant contends that his conviction must fall because of the “two witness rule” which requires the crime of perjury to be proved by two witnesses or by one witness and other independent and corroborating circumstances. See Womack v. State, 283 So.2d 573 (Fla. 4th DCA 1973).
Appellant interprets the rule too broadly. Careful analysis indicates that the common law requirement of more than the testimony of one witness in a perjury trial is limited to proof of the falsity of the accused’s statement. Thus, in Yarbrough v. State, 79 Fla. 256, 264, 83 So. 873, 875 (1920), our supreme court stated:
It is settled law that a verdict of conviction in a perjury case must have for its support something more than the testimony of one witness. In the case of McClerkin v. State, 20 Fla. 879, this court said:
“To convict of the crime of perjury, the offense must be proved by the oaths of two witnesses, or by the oath of one witness, and by other independent and corroborating circumstances, which is *908 deemed of equal weight with another witness. Such is the rule now, well established on authority.”
And the element of the offense which must be so proved is the falsity of the matter sworn to. .
The necessity for corroboration in a perjury case refers only to proof of the falsity of what was said and not to proof of the other elements of the crime. United States v. Magin, 280 F.2d 74 (7th Cir. 1960); Commonwealth v. Billingsley, 357 Pa. 378, 54 A.2d 705 (1947); 70 C.J.S. Perjury § 70, p. 539.
In order to convict of perjury by inconsistent statements there was no need to prove that either of the two statements was false. Section 837.021(3), Florida Statutes (1977); Brown v. State, 334 So.2d 597 (Fla.1976). Therefore, it was only necessary to have the testimony of one witness to establish each of the essential elements of the crime.
AFFIRMED.
OTT and DANAHY, JJ., concur.