365 So.2d 397 (1978)
STATE of Florida, Appellant,
v.
John LEIGHTON, a/k/a Jock Leighton, Appellee.
No. 78-755.
District Court of Appeal of Florida, Fourth District.
November 22, 1978.
Rehearing Denied January 17, 1979.
*398 Robert L. Shevin, Atty. Gen., Tallahassee, Basil S. Diamond and Charles W. Musgrove, Asst. Attys. Gen., West Palm Beach, for appellant.
Joe M. Mitchell, Jr., Melbourne, for appellee.
BERANEK, Judge.
The trial court dismissed an Information charging the defendant with perjury by falsely swearing in an official proceeding. We reverse. The proceeding in question was an investigation by the State Attorney's Office to which defendant was subpoenaed to testify. He made certain statements which formed the basis for a subsequent Information charging perjury under § 837.02, Fla. Stat.
On motion of the defendant the trial court dismissed the Information holding that the presence of State Attorney investigators made the interrogation not an "official proceeding" as is required under the Statute. In so holding the trial court relied upon McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976). McCoy involved a situation where the defendant had been subpoenaed to testify in a State Attorney's investigation. The actual interrogation upon which the charge of perjury was based took place at the police station, solely at the hands of the police. This is not the situation presented here. In the instant situation the defendant appeared, signed a waiver of immunity and made no objection to the subpoena. The questioning was carried out by the State Attorney after putting the defendant under oath. The State Attorney was present at all times. Two investigators on the State Attorney's staff were also present during this interrogation and these investigators asked certain questions.
We do not decide, as a matter of law, whether this procedure constituted an "official proceeding" within the meaning of the statute. It will be up to the State to prove all of the elements of an official proceeding in the eventual trial. However, we do hold that the trial court was incorrect in ruling as a matter of law that the mere presence of investigators participating in the interrogation resulted in the interrogation not being an official proceeding. The order dismissing the Information is therefore reversed and the cause is remanded for further proceedings consisted herewith.
REVERSED AND REMANDED.
LETTS, J., and KAPNER, LEWIS, Associate Judge, concur.