451 So.2d 950 (1984)
The STATE of Florida, Appellant,
v.
Mark A. WITTE, Appellee.
No. 83-2166.
District Court of Appeal of Florida, Third District.
June 12, 1984.
*951 Jim Smith, Atty. Gen., and William P. Thomas, Asst. Atty. Gen., for appellant.
Dean & Hartman and Denis Dean, Miami, for appellee.
Before SCHWARTZ, C.J., DANIEL S. PEARSON, J. and M. IGNATIUS LESTER, Associate Judge.
DANIEL S. PEARSON, Judge.
The question in this appeal, one of first impression, is whether a pre-filing conference called by an assistant state attorney is an official proceeding as that term is defined by Section 837.011, Florida Statutes (1981), so as to subject the defendant to a charge of perjury under Section 837.02, Florida Statutes (1981).
Count One of the information charged Witte with perjury in an official proceeding in violation of Section 837.02, Florida Statutes (1981). It alleged that at a pre-filing conference held for the purpose of obtaining sworn testimony for the initiation of a prosecution against one Michael Monteagudo, Witte knowingly made a false statement, under oath, to an assistant state attorney.[1] The trial court dismissed Count One specifically finding that the pre-filing conference was not an official proceeding because Witte was not under the compulsion of a subpoena when he attended the conference; the conference was not recorded in any manner; and Witte was not told, and was not otherwise aware, that the pre-filing conference was a part of an official proceeding. The State appeals. We reverse.
Making a knowing false statement under oath in an official proceeding is a felony under Section 837.02, Florida Statutes (1981).[2] Section 837.011, Florida Statutes (1981), defines an "official proceeding" as

*952 "[A] proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding." (emphasis supplied).
Since it is plain that a state attorney[3] is an "official authorized to take evidence under oath," see § 27.04, Fla. Stat. (1981),[4] we need only determine whether the pre-filing conference at which Witte allegedly swore falsely is, as he contends, a convenience created by and for the state attorney or, as the State contends, a legally authorized  indeed, required  predicate to the filing of an information.
Although no case has heretofore squarely held that a conference held in the state attorney's office for the purpose of taking sworn testimony from witnesses as a predicate to the filing of an information is an official proceeding, the probable explanation for this lack of authority is that the officiality of such a proceeding has been taken for granted. Thus, in Mitchell v. State, 359 So.2d 906 (Fla. 2d DCA 1978), the court's sole concern was whether the giving of the oath to Mitchell in the state attorney's office, unlike the falsity of the statement made by Mitchell, was required to be proved by two witnesses. However, the court evinced no concern whether the taking of Mitchell's sworn testimony in the state attorney's office in preparation for the trial of Mitchell's co-defendant was, as it was required to be, an official proceeding.[5],[6] In McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976), the court held that a witness, having been called before an assistant state attorney to give sworn testimony in connection with a criminal investigation, and having been administered the oath by such assistant, could not be convicted of perjury by inconsistent statements in official proceedings where the witness's actual testimony was not taken by the assistant state attorney, but instead was taken by police detectives at the police station to which the witness had been removed. According to the court, the defect in the prosecution lay in the fact that the assistant state attorney destroyed the officiality of the proceeding by directing that McCoy's testimony be taken by the police officers at the police station, an implicit recognition that had McCoy's testimony been taken in the state attorney's office before the assistant state attorney, the prosecution would have been viable. Similarly, in State v. Leighton, 365 So.2d 397 (Fla. 4th DCA 1978), the proceeding, as here, was one conducted by the state attorney's *953 office for the purpose of investigating violations of the law. The defendant, thereafter charged with perjury by falsely swearing in an official proceeding, successfully contended in the trial court that the proceeding was not official because in addition to the state attorney, two investigators of the state attorney's office were present and participated in the questioning. The Fourth District held that this fact did not as a matter of law make the proceeding unofficial. Once again, the unstated assumption in the case is that the taking of testimony by the state attorney in connection with an investigation is an official proceeding within Section 837.011, Florida Statutes, if all other elements of Section 837.011 are made to appear.
The thrust of Witte's argument, adopted by the trial court, is that the pre-filing conference, as described, does not have the trappings usually associated with official proceedings and for that reason cannot be considered official. It is clear, however, that, first, the definition of "official proceeding" in Section 837.011 contains no requirement that these trappings be present, and second, the absence of such trappings has never been recognized as affecting the officiality of the proceedings. It is evident from Section 27.04 itself (were it not otherwise obvious) that whether a witness is summoned to appear by subpoena or voluntarily appears without being summoned does not change the nature of the proceeding or the authority of the person before whom the proceeding is conducted. Moreover, the fact that the witness's statement was not stenographically, mechanically, or electronically recorded does not make the proceeding any less official. See Mitchell v. State, 359 So.2d 906 (where witness's statement neither reported nor recorded, testimony of state attorney who took the statement is proof that oath administered and statement made). See also Settles v. State, 75 Fla. 296, 299, 78 So. 287, 288 (1918) ("In a prosecution for perjury, the giving of the alleged false testimony may be proven by the witnesses who heard it.").[7] Lastly, and not surprisingly, there is simply no support for the proposition that a witness must be apprised that a proceeding at which he is placed under oath is official as a predicate to prosecuting the witness for a felony under Section 837.02. As the Supreme Court has stated in an analogous context:
"The oath which a witness takes is sufficient to put him on notice that he is expected to tell the truth and we are not aware of any authorities which require that a witness be warned that if he fails to tell the truth he will likely suffer the pains of a prosecution for perjury."

Gordon v. State, 104 So.2d 524, 532 (Fla. 1958).
Thus, a proceeding is not made official by the formality with which it is conducted; instead, its officiality depends on its purpose and the authority from which it derives.
The purpose of and authority for a pre-filing conference is found in Florida Rule of Criminal Procedure 3.140(g), which provides in pertinent part:
"An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense ... ." (emphasis supplied).
The rule requires that the state attorney or his designated assistant take testimony under oath before filing an information charging the commission of a felony. Section 27.04, Florida Statutes, in turn, provides the state attorney with the concomitant authority to summon witnesses to testify before him as to any violations of the criminal law and to administer the required oath. We conclude, therefore, that the pre-filing conference alleged to have occurred *954 here is an official proceeding within the meaning of Section 837.011, that is, one "required to be heard, before [an] ... official authorized to take evidence under oath," and that Count One of the information charging the defendant with perjury under Section 837.02, Florida Statutes (1981), must be reinstated.[8]
Reversed and remanded for further proceedings.
NOTES
[1] The alleged false statement was that Witte, a police officer, discovered a .380 semi-automatic handgun upon the person of Monteagudo during a search incident to the arrest of Monteagudo for loitering and prowling.
[2] Section 837.02(1), Florida Statutes (1981), provides in pertinent part:

"Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree... ." (emphasis supplied).
In contrast, Section 837.012, Florida Statutes (1981), makes perjury when not in an official proceeding a misdemeanor of the first degree.
[3] Or assistant state attorney. See § 27.181(3), Fla. Stat. (1981).
[4] Section 27.04, Florida Statutes (1981), provides:

"The state attorney shall have summoned all witnesses required on behalf of the state; and he is allowed the process of his court to summon witnesses from throughout the state to appear before him in or out of term time at such convenient places in the state attorney's judicial circuit and at such convenient times as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court or who may voluntarily appear before him to testify as to any violation or violations of the criminal law."
[5] Mitchell was convicted of perjury by contradictory sworn statements in official proceedings in violation of Section 837.021, Florida Statutes (1977). One of the essential official proceedings was the conference in the state attorney's office.
[6] Since the taking of Mitchell's sworn testimony in preparation for the trial of Mitchell's co-defendant, as distinguished from the taking of sworn testimony preparatory to the filing of an information, is not, as the proceeding here, one which is required to be heard, see infra, it could be considered "a proceeding heard" or "which may be ... required to be heard" under Section 837.011, Florida Statutes.
[7] Nor is a defendant's constitutional right to confront the witnesses against him violated where the giving of the alleged false testimony is proven by the testimony of a court reporter. Hall v. State, 136 Fla. 644, 187 So. 392 (1939).
[8] The proceeding in question, influencing as it may the discretionary decision to file criminal charges against another, is one which has been accurately characterized as quasi-judicial. See Hall v. State, 136 Fla. 644, 187 So. 392. It would be anomalous indeed to conclude that the Legislature intended that a false sworn statement concerning the alleged commission of a crime be punished to the same degree as the giving of unsworn false information to a law enforcement officer concerning the alleged commission of a crime, a first-degree misdemeanor under Section 837.05, Florida Statutes (1981).