472 So.2d 1248 (1985)
James William NESSMITH, Appellant,
v.
STATE of Florida, Appellee.
No. AS-468.
District Court of Appeal of Florida, First District.
June 24, 1985.
Rehearing Denied August 12, 1985.
*1249 Stephen O. Parker, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
ZEHMER, Judge.
On May 13, 1983, James William Nessmith was convicted of perjury in an official proceeding in violation of section 837.02, Florida Statutes.[1] He presents four points *1250 on appeal, three of which we find unmeritorious. His fourth argument, that the state failed to prove the perjured statements were made in an official proceeding, is welltaken.
The trial record establishes the following facts. In March 1980, appellant suffered an injury to his left knee while working for a carpentry company and began receiving workers' compensation benefits for his medical expenses incurred as a result of the accident. For reasons not revealed by the record, the workers' compensation insurance carrier for appellant's employer began, in January 1982, an investigation into appellant's physical condition. The carrier arranged to have surveillance films taken of Nessmith in and around his home on January 5 and 15, 1982, to demonstrate the true extent of physical impairment from his leg injury. The films taken showed appellant walking to and from his car without limping and without crutches, lifting and carrying large items, and generally performing routine functions without noticeable difficulty.
On February 3, 1982, Nessmith appeared before Sandra Gray Benefield, a court reporter and notary public, pursuant to a "notice of deposition" sent to him by E. Robert Williams, an attorney representing the carrier. Appellant was not represented by an attorney and was informed by Williams that the proceeding was "a deposition, a sworn statement" (TR. 117, 118). After being sworn by the court reporter, appellant proceeded to answer questions posed by Mr. Williams concerning the condition of his leg. He stated several times that he could not walk without a limp and the use of crutches. Four days after the deposition, another surveillance film was taken, again showing Nessmith walking normally without crutches or other visible support devices.
Nessmith was arrested on November 18, 1982, on a charge of perjury in an official proceeding based on false statements he made at the deposition. At trial, the state presented three witnesses: (1) Sandra Gray Benefield, the reporter, (2) Walter Williams, the private investigator who took the first two surveillance films,[2] and (3) E. Robert Williams, the carrier's attorney. Ms. Benefield testified that appellant made certain statements in the deposition which the state contended were false, and also stated without elaboration that the deposition was an "official proceeding" (TR. 107). The complete deposition was not introduced into evidence, and there was no further explanation of the nature of the "official proceeding." The next state witness, Walter Williams, testified to making the surveillance films and several times identified Nessmith as the person in the films.[3] The final state witness, E. Robert Williams, testified regarding the procedures followed in the deposition proceeding. He stated, among other things, his recollection was that at the time of the deposition, "a formal claim had not been filed" (TR. 159). At the close of the state's case, the defense moved for judgment of acquittal on the ground that the state failed to prove a prima facie case. There was no explanation of the grounds for the defense's motion and the motion was simply denied by the trial court without hearing any significant argument.
Nessmith testified in his own behalf and attempted to rebut the evidence that he could walk without a limp and without the aid of crutches. He testified that he could walk in a normal fashion if he used a leg brace or muscle stimulator to reduce his pain. He also stated that he did not believe the individual in the surveillance films was himself. The jury rejected his explanations and returned a verdict of guilty as charged. *1251 Appellant's motion for new trial set forth several specific grounds, including the state's failure to prove that the perjured statements were made in an official proceeding. After argument, this motion was denied. Nessmith was adjudicated guilty and sentenced to five years, the maximum penalty for the third degree felony charged, with the sentence to be suspended after six months' imprisonment.
Perjury in workers' compensation proceedings is a serious matter which should be diligently prosecuted. Fraudulent claims unnecessarily increase the cost of administering the workers' compensation system, and the threat of prosecution for perjury is a primary deterrent to such claims. Here, the state appeared to have an open-and-shut case against Nessmith for making false statements under oath concerning the disabling effect of his leg injury and his entitlement to wage-loss benefits pursuant to chapter 440, Florida Statutes. Contrary to Nessmith's argument, the evidence presented by the state, particularly the surveillance films and related testimony, prove rather dramatically that he made false statements regarding the extent of physical impairment due to his injury. We likewise reject his argument that the state failed to prove the offense by the oath of two persons or the oath of one person with corroboration. But the state was also required to prove that Nessmith made the false statements in an "official proceeding." State v. Leighton, 365 So.2d 397 (Fla. 4th DCA 1979). We hold that the state failed to carry its burden on this essential element.
The trial court correctly followed the perjury statutes in finding as a matter of law that the alleged false statements were material to determining whether Nessmith was entitled to total disability wage-loss benefits.[4] Unlike the determination of materiality, however, no statutory provision states that the determination of "official proceeding" is a question of law for the court. It appears from the peremptory language used in the jury instructions that the trial court nevertheless determined as a matter of law that the alleged false statements were made in an official proceeding. The jury was charged in part:
Now, before you can find the Defendant guilty of perjury in an official proceeding, the State must prove the following five elements beyond a reasonable doubt: One, Mr. Nessmith took an oath or otherwise affirmed that he was obligated by conscience or by law to speak the truth in the deposition; two, the oath or affirmation was made to Sandra Gray Benefield, who was an Official Court Reporter; three, Mr. Nessmith, or the Defendant, while under an oath, made the statement that he was unable to walk or ambulate without the use of crutches. The statement was false, is number four. And number five, Mr. Nessmith did not believe the statement was true when he made it.
(Emphasis added) (TR. 231-232). The jury instructions did not charge the jury to determine whether, under the circumstances proven, the statement was made in an official proceeding. Whether this essential element of the offense may be decided as a matter of law, as it was, is open to serious doubt. In State v. Leighton, supra, the trial court dismissed an information charging perjury, ruling that the presence of investigators at the interrogation of a witness subpoenaed to the state attorney's office in connection with a criminal investigation transformed the interrogation into an unofficial proceeding. The court reversed, holding in part:
We do not decide, as a matter of law, whether this procedure constituted an `official proceeding' within the meaning of the statute. It will be up to the State to prove all of the elements of an official proceeding in the eventual trial.
365 So.2d at 398. It would seem to follow from that decision that the state has the burden of presenting prima facie proof of an official proceeding and that its proof of this element, as with the other essential *1252 elements of the offense, should be submitted to the jury under appropriate instructions defining "official proceeding." The instructions given in this case were closely patterned after the Florida Standard Jury Instructions in Criminal Cases applicable to chapter 837 offenses; but, in view of Leighton, the instruction for section 837.02 offenses probably is legally deficient. We do not decide this question, however, because appellant failed to object to the instructions given by the court.
The state argues that Nessmith has not properly preserved for appellate review the insufficiency of the evidence to prove an "official proceeding" because his motion for judgment of acquittal did not specifically raise such issue. Although we agree that appellant first questioned the sufficiency of the evidence to establish this essential element in his motion for new trial,[5] as a general rule the adequacy of the state's evidence to prove a material element of a crime may be preserved for appeal by a motion for new trial, even though not first raised in the motion for judgment of acquittal. Mancini v. State, 273 So.2d 371 (Fla. 1973); Sanderson v. State, 390 So.2d 744 (Fla. 5th DCA 1980).
The state prosecuted this case on the theory that making false sworn statements before an official court reporter who is a notary public constitutes, without more, the offense of perjury in an official proceeding. The state's original information charged Nessmith with making a false statement in an official proceeding "concerning his claim for total disability payment from Workers' Compensation." But the amended information on which Nessmith was tried charged him with making a false statement "in an official proceeding before Sandra Gray Benefield, a notary public, a person who is authorized to administer oaths pursuant to her status as a notary public." Whether this amendment was made because the state discovered that no workers' compensation claim had been filed does not appear in the record.
At common law, the crime of perjury was defined as willfully making a false oath in a judicial proceeding. 60 Am.Jur.2d, Perjury, § 21. This common law offense has been broadened by chapter 837, Florida Statutes, which defines two classes of perjury: perjury in official proceedings (section 837.02), a felony; and perjury when not in an official proceeding (section 837.012), a misdemeanor.[6] Since the question before us is whether making a sworn statement before a notary public acting as an "official court reporter"[7] constitutes an "official proceeding," we begin our analysis with the statutory definition of "official proceeding" and the statutes specifically applying to notaries and court reporters. Section 837.011(1) provides:
"Official proceeding" means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.
This definition requires that the official involved, including a notary, be "authorized to take evidence under oath." It also contemplates that the evidence must be taken in a proceeding which may be or is required to be heard before some governmental body or agency. Similarly, a deposition must be taken in connection with such *1253 pending proceeding in order to constitute an official proceeding. This definitional section does not constitute authority for a notary or court reporter to take evidence under oath.
The position and duties of "official court reporters" is established by sections 29.01 and 29.02, Florida Statutes, but there is no reference or authority concerning the taking of depositions in those sections. With respect to notaries, section 117.03(2), Florida Statutes, provides that "any person making a false oath before a notary public shall be guilty of perjury and be subject to the penalties, forfeitures, and disabilities that are prescribed by law in cases of perjury under chapter 837." This general reference to chapter 837 and the absence of specificity that false swearing before a notary public constitutes perjury in an official proceeding indicates a legislative intent that false swearing before a notary public may violate either section 837.02 or 837.012, or perhaps other sections in chapter 837. This construction of the statute is consistent with the realization that notaries public not only swear persons in connection with official proceedings but also notarize many sworn statements  affidavits, agreements, and the like  which are frequently not related to a pending legislative, judicial, administrative, or other government agency proceeding.
Our analysis of the pertinent statutes and Florida decisions leads us to conclude that whether the obtaining of a sworn statement or deposition constitutes an "official proceeding" depends upon the existence of constitutional or statutory authority to obtain the statement in the manner in which it was taken. In Nix v. State, 173 So.2d 465, 467 (Fla. 1st DCA 1965), the court observed:
It also appears to be the general law of Florida that in order to constitute perjury the false statement on which the prosecution is founded must be made in a proceeding or in relation to a matter that is within the jurisdiction of the court or officer before whom such proceeding is held, or by whom such matter is considered.
In McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976), the appellant had been subpoenaed to appear before the state attorney to testify about a matter under criminal investigation. She appeared, was sworn by the assistant state attorney, and began giving information to him. The court reporter, however, had to leave before the interrogation was completed, and appellant was sent by the assistant state attorney to the police station, where pursuant to directions from the assistant state attorney, two police officers continued the interrogation without a further oath. Thereafter, in a deposition taken by the public defender, the appellant made certain statements which contradicted statements previously made to the police officers. As a consequence, she was charged with and convicted of perjury by making contradictory statements under oath in an official proceeding, in violation of section 837.021, Florida Statutes. The appellate court reversed the conviction for lack of authority by the police to obtain the sworn statement, and commented:
It is the process of the court which requires a witness to testify and not merely the directions or requests of the county solicitor or state attorney. The state attorney is authorized to administer oaths to witnesses summoned to testify by the process of his court only for the purposes for which such witness is summoned by such process, as set forth in the process. When served with process or some valid order of the court, a person is not required to testify about other matters or before other courts, or the officers or agencies thereof, except those named in the process or court order. State ex rel Stewart v. Coleman, 122 Fla. 368, 165 So. 272 (1936).
* * * * * *
The crime of perjury requires that appellant must have made contradictory statements under oath in an official proceeding. The assistant state attorney was authorized to administer an oath which applied to interrogation of appellant who *1254 was properly before him. Neither the state nor court process empowered the assistant state attorney to administer an oath which would apply to testimony not before himself, but before police officers. It was the process of the court, the subpoena, which required the appellant to testify before the assistant state attorney and not his directions. A state attorney's directions to give testimony while under oath in front of police officers is not unlike directions to testify before another court or governmental unit, which a state attorney clearly lacks power to do. Once the assistant state attorney varied considerably the directions of the subpoena and directed appellant to testify elsewhere, before persons other than himself, the appellant's testimony is no longer validly under oath and is not of the character required for a prima facie case of the crime of perjury.
338 So.2d at 54-55.
Similarly, in Schramm v. State, 374 So.2d 1043 (Fla. 3d DCA 1979), Schramm gave a false report to police under oath and was charged with perjury in an official proceeding under section 837.02. His conviction was reversed for failure to establish that his statements were made in an official proceeding:
Schramm gave his false statements to the police at the police station pursuant to a homicide investigation. An interrogation which is conducted solely at the hands of the police at a police station is simply not an official proceeding within the definition of the statute. See McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976), and Cf., State v. Leighton, 365 So.2d 397 (Fla. 4th DCA 1979). Thus, if Schramm is guilty of an offense involving false statements, it must be an offense provided for in Section 837.012 [perjury when not in an official proceeding] or 837.05 [false reports to law enforcement authorities], Florida Statutes (1977).
374 So.2d at 1045 (footnotes omitted).
On the other hand, in State v. Witte, 451 So.2d 950 (Fla. 3d DCA 1984), the appellate court reversed the dismissal of a count charging perjury under section 837.02, holding that a pre-filing conference called by an assistant state attorney is, contrary to the trial court's ruling, an "official proceeding" within the meaning of the perjury statute. Observing that a state attorney is an official authorized by section 27.04, Florida Statutes (1981), to take evidence under oath,[8] the court identified the pivotal question as:
[W]hether the pre-filing conference at which Witte allegedly swore falsely is, as he contends, a convenience created by and for the state attorney or, as the State contends, a legally authorized  indeed, required  predicate to the filing of an information.
Id. at 952. Noting the informality with which such prefiling conference proceedings are usually conducted, the court observed that whether the witness attends on the compulsion of a subpoena or voluntarily appears without subpoena is immaterial because "a proceeding is not made official by the formality with which it is conducted; instead, its officiality depends on its purpose and the authority from which it derives." Id. at 953. (Emphasis added.) Noting that the state attorney is required, as a predicate to instituting prosecution by information, to certify "that he has received testimony under oath from the material witness or witnesses for the offense," Florida Criminal Rule 3.140(g), the court held that such requirement, in conjunction *1255 with the state attorney's authority under section 27.04, afforded a sufficient basis to sustain the allegations that Witte's interrogation was an "official proceeding."
Turning to the instant case, the only pertinent statutory provisions authorizing the insurance carrier to take Nessmith's deposition is found in the Workers' Compensation Act, Florida Statutes (1983). Section 440.30 authorizes the taking of depositions if a formal claim for benefits has been filed or "prior to the institution of a claim, if the claimant is represented by an attorney."[9] Rule 9 of the Florida Workers' Compensation Rules contains similar provisions.
As proof that Nessmith's deposition was an official proceeding, the state relies primarily upon the testimony of the court reporter that the deposition was taken in an "official proceeding." But this bald statement, without further elaboration and proof of authority, is a pure conclusion and legally insufficient to establish this essential element. The state did not introduce any claim by Nessmith for benefits, the notice of taking his deposition, or any other evidence to establish that the deposition was being lawfully taken in accordance with section 440.30. The only evidence in the record relevant to this issue is the testimony of the carrier's attorney concerning his recollection that at the time of the deposition Nessmith had not filed a formal claim for workers' compensation benefits.[10]
Since the record affirmatively shows that when Nessmith's deposition was taken no claim for wage-loss benefits had been filed and Nessmith was not represented by an attorney, there is simply no legal authority for taking his deposition and, hence, no basis in the record to support a finding that the interrogation was an "official proceeding." At most, the record establishes that the carrier was making its own investigation of Nessmith for reasons not made apparent, so we must view the deposition testimony as nothing more than a sworn statement routinely obtained in a carrier's unofficial investigation of a potential claim. As in Schramm, supra, it appears that if Nessmith committed any offense, it was in violation of section 837.012 rather than section 837.02.[11]
*1256 Because the evidence is legally insufficient to prove the essential element of an "official proceeding," we are compelled to reverse the judgment of conviction with directions that appellant be discharged.
REVERSED.
ERVIN, C.J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting:
I dissent from the majority view reversing the conviction of perjury on the grounds that no workers' compensation claim had been filed at the time appellant lied under oath at a deposition taken by the employer/carrier. The conviction was under Section 837.02, Florida Statutes, perjury in official proceedings, a third degree felony.
The judgment below should be affirmed since the evidence showed that there was an "official proceeding"[1] within the meaning of Section 837.011, Florida Statutes which states, in pertinent part as follows
"(1) `Official proceeding' means a proceeding heard, or which may be or is required to be heard, before any ... official authorized to take evidence under oath, including any ... notary or other person taking testimony of a deposition in connection with any such proceeding."
The evidence established that the false swearing occurred during the taking of a deposition before a duly authorized notary and court reporter. The statute does not require that a claim or suit have been filed in order for a party, giving a deposition under oath, be subject to the penalties of perjury. Indeed, a primary goal of the present worker's compensation act is that it be "self executing" which is to say that proceedings be had for payment of benefits without the necessity of filing a claim. Florida Statutes Section 440.30, provides that depositions "may be taken and may be used in connection with proceedings under the Worker's Compensation Law ... at the instance of any party or prospective party to such proceedings", and "prior to the institution of a claim... ." as well as "after the filing of the claim... ." (Emphasis supplied). A reading of that statute shows that the legislature intentionally used "proceeding" to encompass taking of deposition before or after claim was filed. The taking of the deposition here was a "proceeding" and was "official" as authorized by law and taken before an "official" as defined in Section 837.011.
A similar situation is the "pre-filing conference" held to be an official proceeding for the purposes of the perjury statute in State v. Witte, 451 So.2d 950, 952 (Fla. 3d DCA 1984). In that case, the defendant appeared voluntarily as a witness at a pre-filing conference which was held by the assistant state attorney for the purpose of obtaining sworn testimony for the initiation of a prosecution against another individual. At that conference, the defendant made a false statement under oath to an assistant state attorney. The trial court dismissed the charge finding that the pre-filing conference was not an official proceeding because the witness was not under the compulsion of a subpoena, the conference was not recorded in any manner, and the defendant was not aware that it was part of an official proceeding. On appeal, the District Court reasoned otherwise and held that the pre-filing conference would qualify as a proceeding required to be heard within the terms of Section 837.011. The Witte case points out that in a similar case, Mitchell v. State, 359 So.2d 906 (Fla. 2d DCA 1978), the taking of sworn testimony in preparation for the trial of a co-defendant, though not a proceeding required to be heard, would nonetheless be a "proceeding *1257 heard" and since taken under oath in the State Attorney's Office was an official proceeding under the perjury statute.
The conviction below should be affirmed.
NOTES
[1] Section 837.02 states:

(1) Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Knowledge of the materiality of the statement is not an element of this crime, and the defendant's mistaken belief that his statement was not material is not a defense.
[2] The third surveillance film was taken by another person after the deposition and received in evidence upon stipulation of the parties.
[3] Appellant argues that he was never identified in the film. The transcript of testimony, however, reveals that appellant was repeatedly identified as the person in the film.
[4] §§ 837.011(3) and 837.02(2), Fla. Stat.
[5] It is appropriate to point out that appellant obtained new counsel after the trial ended and before the motion for new trial was filed.
[6] Section 837.012 states:

(1) Whoever makes a false statement, which he does not believe to be true, under oath, not in an official proceeding, in regard to any material matter shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Knowledge of the materiality of the statement is not an element of this crime, and the defendant's mistaken belief that his statement was not material is not a defense.
[7] The jury instructions refer to Ms. Benefield as an "official court reporter," although her testimony omitted the word "official."
[8] Section 27.04 provides:

Summoning and examining witnesses for state.  The state attorney shall have summoned all witnesses required on behalf of the state; and he is allowed the process of his court to summon witnesses from throughout the state to appear before him in or out of term time at such convenient places in the state attorney's judicial circuit and at such convenient times as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court or who may voluntarily appear before him to testify as to any violation or violations of the criminal law.
[9] Section 440.30 states:

Depositions of witnesses or parties, residing within or without the state, may be taken and may be used in connection with proceedings under the Workers' Compensation Law, either upon order of the deputy commissioner or at the instance of any party or prospective party to such proceedings, and either prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of the claim in the same manner, for the same purposes, including the purposes of discovery, and subject to the same rules; all as now or hereafter prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the circuit courts of this state. Such depositions may be taken before any notary public, court reporter, or deputy, and the fees of the officer taking the same and the fees of the witnesses attending the same, including expert witness fees as provided by law or court rule, shall be the same as in depositions taken for such circuit courts. Such fees may be taxed as costs and recovered by the claimant, if successful in such workers' compensation proceedings. If no claim has been filed, then the carrier or employer taking the deposition shall pay the claimant's attorney a reasonable attorney's fee for attending said deposition. We are not willing, as the dissent has done, to deny giving effect to the language in this statute which authorizes the taking of a deposition prior to the institution of a claim only "if the claimant is represented by an attorney."
[10] The state did not introduce the entire Nessmith deposition in evidence, even though the trial court invited the prosecution to do so and the defendant agreed. Although that deposition has been included in the record on appeal, portions of the deposition not in evidence cannot now be relied upon to rebut Williams' testimony.
[11] The Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions in Criminal Cases, adopted by the Florida Supreme Court in Matter of Use by Trial Courts of Standard Jury Instructions, 431 So.2d 599 (Fla. 1981), does not list the offense of false statements in an official proceeding (section 837.012) as a lesser included offense of a section 837.02 offense. In the instant case there was no jury instruction requested on section 837.012 and none was given by the court. Accordingly, we need not consider whether section 837.012 may be treated as a lesser included offense of section 837.02.
[1] The trial court correctly treated the determination of whether, under the undisputed facts, there was an "official proceeding" as a question of law for the court. I disagree with the majority view to the contrary. 15 Fla.Jur.2d Criminal Law, § 749 (1979); Dorman v. Publix-Saenger-Sparks Theatres, Inc., 135 Fla. 284, 184 So. 886, 892 (1938). However, if indeed the existence of an "official proceeding" was a question of fact, the case should be affirmed or, at most, remanded for resubmission to a jury based on evidence by the state, admitted without objection, that this was an "official proceeding." (Record, page 107).