CAMPBELL, Judge.
Appellant appeals the trial court’s denial of his motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse.
Appellant was charged with perjury by contradictory statements, a violation of section 837.021, Florida Statutes (1983). After the denial of his motion to dismiss, appellant entered a plea of nolo contendere, reserving the right to appeal the denial of his motion to dismiss.
The facts as shown by the record before us reflect that on May 15, 1984, a Polk County Sheriff’s investigator, who was also a notary public, questioned appellant regarding the May 12, 1984 shooting death of a James Darryl Rodgers. In that statement, appellant stated that he and Rodgers had gone to the home of Victor Warnock, that Rodgers had gone in Warnock’s home and that soon thereafter, Warnock came out and stated that Rodgers had shot himself. Appellant was placed under oath by the investigator after the statement was completed. It does not appear that the statement was a written statement.
On July 23, 1984, appellant was again questioned by the same Polk County Sheriff’s investigator, and during' that statement appellant stated he had gone inside Warnock’s home with Rodgers and had seen Warnock shoot Rodgers. Appellant was placed under oath at the beginning of this second statement. Again, it does not appear that the statement was in writing.
For the purposes of reaching the broader issue of this appeal, we will consider that both alleged contradictory statements were under oath. We do so, however, with serious reservations under the facts as we understand them. The record before us does not contain the statements or any transcripts of the statements made by appellant. We are of the opinion that a verbal statement should not be considered to have been given under oath where the oath is not administered until after the statement has been concluded. We, therefore, are also of the opinion that a perjury charge should not lie based upon such a post-statement oath. Before suffering the penalty of perjury, the person making the allegedly perjured statements should be aware of the fact that the oath is in effect at the time the statement is given.
Assuming, for the purposes of this case, however, that both statements of appellant were under oath, we pass to the broader issue of whether prosecution under section 837.021 is proper where the contradictory statements are made to a sheriff’s deputy during a criminal investigation *523 when the deputy also happens to be a notary public.
We do not perceive it to have been the legislative intent to elevate all such criminal investigations by law enforcement officers to an “official proceeding” as defined in section 837.011(1), Florida Statutes (1983), when the investigation is conducted under oath by a law enforcement officer who also happens to be a notary public.[1]
While appellee attempts to distinguish Schramm v. State, 374 So.2d 1043 (Fla. 3d DCA 1979) by arguing that Schramm does not indicate that the statements were given to the same police officer who actually placed Schramm under oath, we find Schramm indistinguishable. The sole consideration by our sister court in Schramm was whether a police interrogation, under oath, equated to an “official proceeding” under section 837.011(1). The court in Schramm, in regard to a charge of perjury in an official proceeding in violation of section 837.02, Florida Statutes (1977), held that:
Schramm gave his false statements to the police station pursuant to a homicide investigation. An interrogation which is conducted solely at the hands of the police at a police station is simply not an official proceeding within the definition of the statute. See McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976) and Cf. State v. Leighton, 365 So.2d 397 (Fla. 4th DCA 1979). Thus, if Schramm is guilty of an offense involving false statements, it must be an offense provided for in Section 837.012 or 837.05, Florida Statutes (1977). Since Schramm’s statements were not made during an official proceeding, his conviction for violation of Section 837.02, Florida Statutes (1977) is reversed. (Footnotes omitted.)
Moreover, prior to its amendment by the enactment of chapter 74-383, Laws of Florida (1974), section 837.021, prohibiting perjury by contradicting statements, read quite differently than it does since the amendment. Prior to the 1974 amendment, section 837.021 prohibited perjury by contradictory statements when made “in one or more trials, hearings, investigations, depositions or affidavits.” (Emphasis added.) Sections 53 and 56 of chapter 74-383 amended section 837.021 to prohibit contradictory statements when made “in one or more official proceedings” and added section 837.011(1), which defined “official proceeding” as:
“Official proceeding” means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.
It seems clear to us that the legislative intent in the amendment effected by chapter 74-383 was to narrow the scope of situations or proceedings that would permit the prosecution for perjury by contradictory statements.
As the court in Schramm pointed out, there were statutes other than section 837.-021 under which appellant may have been subject to prosecution!
Reversed.
DANAHY, A.C.J., concurs.
SCHOONOVER, J., concurs in result only.

. We are not called upon in this case to determine the applicability of section 893.05(3), Flor- ’ ida Statutes (1983). That section confers on all law enforcement officers whose duty it is to enforce chapter 893 (Drug Abuse Prevention and Control), "the authority to administer oaths in connection with their official duties.” We do, however, construe that authority and the subsequent provision that anyone "making a material false statement under oath before such law enforcement officers shall be deemed guilty of perjury and subject to the same punishment as prescribed for perjury” to apply only in regard to the enforcement of chapter 893. The case at bar involved a homicide and not a drug case.