553 So.2d 294 (1989)
STATE of Florida, Appellant,
v.
Charles P. ADKINS, Jr. and Joan B. Adkins, Appellees.
No. 89-884.
District Court of Appeal of Florida, First District.
November 30, 1989.
*295 Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellant.
Albert C. Simmons, Cedar Key, for appellees.
WILLIS, BEN C. (Ret.), Associate Judge.
Appellants filed motions to dismiss challenging the State's second amended, multi-count information which named them and others in charges related to trafficking in stolen vehicles and vehicle parts. The trial court dismissed the perjury count as to both appellants and the conspiracy and RICO counts as to appellant Joan Adkins only. The State appeals.[1] We affirm in part and reverse in part.
The trial court dismissed the perjury count for failure to state a criminal offense of perjury against either appellant and it dismissed the conspiracy count against Joan Adkins for failure to state a criminal offense of conspiracy against her. It dismissed the RICO count against her alone for failure to state a violation of the RICO statute because the predicate acts forming the basis of the charge against her in that count were only those alleged in the perjury and conspiracy counts which were dismissed as to her.
The perjury count charges both appellants with violation of section 837.02, Fla. Stat. (1987), "perjury in official proceedings." The State alleged that in completing an application to obtain a certificate of title for a 1984 Toyota pickup truck, appellants falsely stated, under oath in an official proceeding, that the truck had been wrecked and repaired in such a manner as to leave off the vehicle identification number.[2]
Section 837.02, Fla. Stat. (1987), reads in pertinent part: "Whoever makes a false Statement, which he does not believe to be true, under oath in an official proceeding in regard to any matter shall be guilty of a felony of the third degree... ." (emphasis added). For purposes of contrast, section 837.012, Fla. Stat. (1987), which appellants were not charged under, reads the same but pertains to false statements made "under oath, [but] not in an official proceeding... ." (emphasis added).
Section 837.011(1), Fla. Stat. (1987) states:
"Official proceeding" means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, *296 commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.
The proceedings contemplated by this definition statute are those conducted before governmental officials that are authorized to take evidence under oath, among whom are notaries and other enumerated officials. The statute details the capacity in which the government officials serve as being that of "taking testimony or a deposition in connection with any such proceeding." Id. The statute does not by its terms contemplate that an official proceeding has occurred when an individual swears to the truth of a statement before a notary for the purpose of obtaining a certificate of title for a motor vehicle.
Judge Zehmer's analysis in Nessmith v. State, 472 So.2d 1248 (Fla. 1st DCA 1985)[3] is instructive on this issue:
With respect to notaries, Section 117.03(2), Florida Statutes, provides that "any person making a false oath before a notary public shall be guilty of perjury and be subject to the penalties, forfeitures, and disabilities that are prescribed by law in cases of perjury under chapter 837." This general reference to chapter 837 and the absence of specificity that false swearing before a notary public constitutes perjury in an official proceeding indicates a legislative intent that false swearing before a notary public may violate either section 837.02[4] or 837.012,[5] or perhaps other sections in chapter 837. This construction of the statute is consistent with the realization that notaries public not only swear persons in connection with official proceedings but also notarize many sworn statements  affidavits, agreements, and the like  which are frequently not related to a pending legislative, judicial, administrative, or other government agency proceeding.
Id. at 1253. We have little trouble concluding that the capacity in which a notary public serves in notarizing and witnessing a motor vehicle title application is not an "official proceeding" as countenanced by the perjury statutes.
Nessmith adds, however, that it is seriously doubtful that the question of whether a proceeding is official or not should be decided as a matter of law. We find that conclusion inapposite in this case. That conclusion was reached in Nessmith based on the premise that some sort of "proceeding" was involved, i.e. a deposition. The instant case does not involve any "proceeding" as that in Nessmith or as those in the cases discussed in Nessmith. E.g., McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976) (where the appellant had been subpoenaed to appear before the State attorney to testify about a matter under criminal investigation, was sworn and began giving information to him but the court reporter had to leave and the interrogation was continued by two police officers without a further oath); Schramm v. State, 374 So.2d 1043 (Fla. 3d DCA 1979) (an interrogation conducted solely by the police at a police station is not an official proceeding).
In the conspiracy count the State named appellants and Peter Anton in a conspiracy to traffic or attempt to traffic a stolen 1983 Toyota pickup truck. The State asserted that Anton wanted to steal the truck in order to sell its parts so he asked Charles Adkins to have the vehicle tag checked on the law enforcement computer so that the truck could be located and stolen. The State alleged that Charles agreed and had Joan check the computer because she had access to it. Joan allegedly obtained the address and furnished it to Charles who then furnished it to Anton.
Agreement and intention are necessary elements of conspiracy. Williams v. United States, 208 F.2d 447 (5th Cir.1953), cert. denied, 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1081 (1954); see also Ashenoff *297 v. State, 391 So.2d 289 (Fla. 3d DCA 1980). The apparent basis for the trial court's dismissal of the conspiracy count as to Joan Adkins was that the information did not allege that she intended or agreed to conspire in the theft of the pickup truck. However conspiracy charges brought by information or indictment can imply the necessary element of intent, proof of which, of course, is the prosecutor's burden at trial. United States v. Azzarelli Construction Co., 459 F. Supp. 146 (E.D.Ill. 1978); State v. Smith, 240 So.2d 807 (Fla. 1970). An indictment or information of conspiracy must contain a plain statement of the facts relied on as constituting the offense sufficient to apprise the accused of what is intended. Smith, 240 So.2d at 809. It "should state the object or purpose of the conspiracy, but it is unnecessary to set forth the elements of the contemplated offense with the particularity and technical precision required in drawing an indictment or information charging the commission of such offense." Id. (citations omitted).
We find that the information adequately alleged facts which the State intended to rely upon as constituting conspiracy and which were sufficient to enable Joan Adkins to know what was intended by the charge. See also State v. Mena, 471 So.2d 1297 (Fla. 3d DCA 1985); Florida Rule of Criminal Procedure 3.140(o) (An information or any of its counts should not be dismissed unless the court finds that it is "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense... .").
The elements of intent and agreement may be implied from the alleged fact that Joan Adkins procured a motor vehicle registrant's address and the procurement was ultimately to facilitate theft of that registrant's vehicle. That theft was the ultimate aim was also plainly set out in the information. Naturally, the State is obliged to prove that Joan Adkins intended to procure the address in furtherance of the conspiracy (to procure the registrant's address so the thief would know the location of the truck he intended to steal) and that she had an implied or explicit agreement with another to do so (e.g., Charles Adkins, Jr.).
Section 895.02(4), Fla. Stat. (1987) of the Florida RICO Act proscribes conduct evidencing a "pattern of racketeering activity" which means "engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents... ."
In dismissing the RICO charge against Joan Adkins, the trial court stated that the information only alleged two predicate acts against her  the acts relating to the conspiracy charge and the acts relating to the perjury charge. Though we affirm the dismissal of the perjury charge, the predicate acts which led to the State's charge of felony perjury under section 837.02 could suffice as acts comprising a chargeable offense of misdemeanor perjury under section 837.012. Section 895.02(1)(a)24 of the RICO Act indicates that among the chargeable offenses delineated in the Act are violations of "Chapter 837, relating to perjury." The Act makes no distinction between felony and misdemeanor perjuries. However, because the perjury charge delineated in the RICO count only alleges violation of section 837.02, felony perjury, dismissal of the RICO count against Joan Adkins was proper.
We note that there appears no reason why the State should not be free to amend the information to charge misdemeanor perjury. Florida Rule of Criminal Procedure 3.140(j) allows amendment of informations on motion of the prosecuting attorney any time before trial because of formal defects. See State v. Johnson, 354 So.2d 902 (Fla. 1st DCA 1978).
Dismissal of the felony perjury counts against appellants is affirmed, dismissal of the conspiracy count against Joan Adkins is reversed and dismissal of the RICO count against her is affirmed.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] The notice of appeal was filed in the lower tribunal on April 3, 1989, two days before the order of dismissal rendered April 5, 1989. The notice of appeal is nevertheless not subject to dismissal; it was held in limbo until the order was rendered. Williams v. State, 324 So.2d 74 (Fla. 1975).
[2] Section 319.23, Fla. Stat. (1987) requires that an application for a certificate of title on a motor vehicle be sworn to before a notary public or other officer empowered to administer oaths.
[3] Nessmith held that there was no "official proceeding" where a claimant in a workers' compensation case was deposed but he had not filed a formal claim for benefits and was not represented by an attorney.
[4] False statements made in "official proceedings" are third-degree felonies.
[5] False statements made, under oath, not in an official proceeding are first-degree misdemeanors.